## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PEXCOR MANUFACTURING COMPANY,
INC.

700 9th Avenue SW
Suite 3000
Calgary, Alberta, Canada

        Plaintiff/Counter-Defendant,
   v.

UPONOR AB

Nordanövägen 2
SE-730 61
Virsbo, Sweden

        Defendant/Counter-Plaintiff.

No. 11-cv-02034 (RMC)

Honorable Judge Rosemary M. Collyer

**TRIAL BY JURY DEMANDED**

UPONOR AB.

       Third Party Plaintiff
   v.

HEATLINK GROUP, INC.

       Third Party Defendant.

4603E - 13th Street NE
Calgary, Alberta, Canada

## ANSWER TO COMPLAINT FOR
## DECLARATORY JUDGMENT, DAMAGES AND EQUITABLE RELIEF,
## COUNTERCLAIM FOR PATENT INFRIGEMENT, AND THIRD PARTY
## COMPLAINT AGAINST HEATLINK GROUP, INC.

NOW COMES Defendant, UPONOR AB (" UPONOR"),  by  its  counsel,  Joseph  M.

Vanek and John P. Bjork of Vanek, Vickers & Masini, P.C., and for its Answer to the Complaint

filed by Plaintiff, PEXCOR MANUFACTURING COMPANY, INC. ("PEXCOR") states as follows:

<b><u>Parties</u></b>

1.    Plaintiff Pexcor Manufacturing Company, Inc. is a Canadian corporation having its principal place of business at 700 9th Avenue SW, Suite 3000, Calgary, Alberta, Canada T2P 3V4.

**<u>Answer</u>**:  Uponor neither admits nor denies the allegations set forth in paragraph 1 of the Complaint as it has insufficient information to form a belief as to the truth or falsity thereof.

2.    Defendant Uponor AB is a Swedish corporation having its principal place of business at Industrivägen 1, SE 513 81 Fristad, Sweden. (Defendant is referred to herein as "Uponor").

**<u>Answer</u>**: Admitted that Uponor is a Swedish corporation. The remaining allegations in paragraph 2 are denied.

<b><u>Jurisdiction and Venue</u></b>

3.    This is an action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 arising from an actual controversy between the parties with regard to non-infringement, validity and enforceability of United States Patent No. 6,106,761 (the "76l Patent").

**<u>Answer</u>**: Admitted.

4.    This Court has subject matter jurisdiction in accordance with 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. §§ 1331 and 1338(a), and/or diversity of citizenship pursuant to 28 U.S.C. § 1332.

**Answer**: Admitted that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The remaining allegations set forth in paragraph 4 are denied.

5.      This Court has personal jurisdiction over Uponor pursuant to 34 U.S.C. § 293.

**Answer**: Admitted.

## Facts Common to All Claims

6.      Pexcor manufactures and sells polymer pipe, tubing, and other products for plumbing and hydronic industries throughout the United States.

**Answer**: Uponor neither admits nor denies the allegations set forth in paragraph 6 as it has insufficient information to form a belief as to the truth or falsity thereof.

7.      Uponor manufactures and sells plumbing, heating and cooling, and fire safety systems including polymer pipes.

**Answer**: Admitted.

8.      Based on representations made by Uponor, Uponor is the owner of the '76l Patent entitled 'Method for Heating and/or Cross-Linking of Polymers and Apparatus" issued to Michael Sjoberg, Jan Rydberg, and Jyrl Jarvenkyla on August 22, 2000. A copy of the '76l Patent is attached to this Complaint as Exhibit A.

**Answer**: Admitted.

9.      On January 18, 2011, Pexcor received a letter from counsel for Uponor, alleging that the process used by Pexcor to manufacture its polymer pipe infringes the '761 patent. A copy of the letter is attached to this Complaint as Exhibit B.

**Answer**: Uponor neither admits nor denies the allegations set forth in paragraph 9 with respect to Pexcor's receipt of the letter attached as Exhibit B, as it has insufficient information to form a belief as to the truth or falsity thereof.  Uponor admits that it sent Exhibit B to Pexcor.

10.    Uponor's January 19, 2011 letter threatened that Uponor would enforce its patent rights in the '761 patent "in an aggressive and fulsome manner" through litigation if Pexcor did not immediately cease selling its polymer pipe products, provide an accounting of the sales of its polymer pipe product and deliver up its current polymer pipe inventory to Uponor.

**Answer**: Admitted.

11.    Through its conduct and statements, Uponor created a reasonable apprehension by Pexcor that Uponor would file a suit alleging Pexcor is infringing the '761 patent by making, offering for sale or selling Pexcor's polymer pipe products in the United States.

**Answer**: Uponor neither admits nor denies the allegations set forth in paragraph 11 as it has insufficient information to form a belief as to the truth or falsity thereof.

## CAUSES OF ACTION

### Count I – Declaration of Non-Infringement

12.    Pexcor realleges and incorporates herein the preceding paragraphs 1 – 11.

**Answer**: Uponor realleges and incorporates herein its answers to the preceding paragraphs 1-11.

13.    Each of the independent claims of the '761 patent require, among other things, that the wave lengths corresponding to the absorption peaks for the polymer material in respect

of infrared radiation have been eliminated in the infrared radiation irradiating the polymer material.

**Answer**:  Uponor neither admits nor denies the allegations set forth in paragraph 13 as they contain legal conclusions for which no answer is required.  Further answering, Uponor states that claim 1 of the '761 patent states, in relevant part: "wherein the wave lengths corresponding to the absorption peaks for the polymer material in respect of the infrared radiation have been eliminated in the infrared radiation irradiating the polymer material." Further answering, Uponor states that claim 19 of the '761 patent states, in relevant part: "…in which the wave lengths corresponding to the absorption peaks of the polymer material in respect of infrared radiation have been eliminated."  Further answering, Uponor states that claim 39 of the '761 patent states, in relevant part: "…in which the wave lengths corresponding to the layers in respect of infrared radiation have been eliminated." Further answering, Uponor states that claim 49 of the '761 patent states, in relevant part: "…in which the wave lengths have been eliminated corresponding to the absorption peaks polyethylene has in respect of infrared radiation."

14.     Pexcor uses infrared radiation to manufacture its polymer pipe products, but it does not eliminate the wave lengths corresponding to the absorption peaks for the polymer material being irradiated.

**Answer**:  Uponor neither admits nor denies the allegations set forth in paragraph 14 as it has insufficient information to form a belief as to the truth or falsity thereof.

15.     Accordingly, for this reason and other reasons, Pexcor has not infringed, is not now infringing, and has not contributorily infringed or induced infringement of any valid claims of the '761 patent either literally or under the doctrine of equivalents.

**Answer**: Denied.

## Count II – Declaration of Invalidity and Unenforceability

16.    Pexcor realleges and incorporates herein the preceding paragraphs 1-15.

**Answer**: Uponor realleges and incorporates herein its answers to the preceding paragraphs 1-15.

17.    Each and every claim of the '76l patent is invalid, unenforceable and/or void for failure to comply with one or more requirements of the Patent Laws of the United States including 35 U.S.C. §§ 101, 102, 103 and 112.

**Answer**: Denied

18.    Specifically, the specification of the '761 patent does not enable one of ordinary skill in the art to practice the invention covered by its claims without undue experimentation.

**Answer**: Denied

19.    Moreover, the claims of the '761 patent are unpatentable under 35 U.S.C. § 102 as anticipated by, or § 103 as obvious in view of a variety of prior art references.

**Answer**: Denied.

20.    Further, the '761 patent is unenforceable because Uponor has misused its patent and has unlawfully attempted to extend the scope of its purported patent rights under the '761 patent.

**Answer**: Denied.

6

21.     Therefore, Pexcor is entitled to judgment declaring that '761 patent is invalid, void and unenforceable.

**Answer**: Denied.


        WHEREFORE, Defendant, UPONOR AB,  respectfully requests  that this Honorable Court find that Pexcor's claims for relief are not well grounded in fact or law, deny its request for a declaration of non-infringement invalidity, and unenforceability of the '761 Patent, and grant such other relief as is just and appropriate in the circumstances.  Defendant UPONOR AB further requests, pursuant to Federal Rule of Civil Procedure 38, a jury trial on all issues triable by a jury.

Dated: April 5, 2012                        Respectfully submitted,


                                             /s/ Joseph M. Vanek_____
                                            Joseph M. Vanek
                                            John P. Bjork
                                            Vanek, Vickers & Masini, P.C.
                                            111 S. Wacker, Suite 4050
                                            Chicago, Illinois 60601
                                            (312) 224-150

                                            Counsel for UPONOR AB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PEXCOR MANUFACTURING COMPANY, INC. | |
| Plaintiff/Counter-Defendant, | No. 11-cv-02034 |
| v. | Honorable Judge Rosemary M. Collyer |
| UPONOR AB | **TRIAL BY JURY DEMANDED** |
| Defendant/Counter-Plaintiff. | |

| | |
|---|---|
| UPONOR AB. | |
| Third Party Plaintiff | |
| v. | |
| HEATLINK GROUP, INC. | |
| Third Party Defendant. | |

### UPONOR'S COUNTERCLAIM AND THIRD PARTY COMPLAINT FOR PATENT INFRIGEMENT

NOW COMES, Defendant/Counter-Plaintiff, UPONOR AB, by its counsel, Joseph M. Vanek, Esq. and John P. Bjork, Esq. of Vanek, Vickers & Masini, P.C., and for its Counter-Claim against Plaintiff/Counter-Defendant PEXCOR MANUFACTURING COMPANY, INC. and its Third Party Complaint against HEATLINK GROUP, INC. complains as follows:

### PARTIES

1.     Defendant/Counter-Plaintiff Uponor AB is a Swedish corporation having its principal place of business in Virsbo , Sweden. (Uponor AB is referred to herein as "Uponor").

2.     Plaintiff/Counter-Defendant Pexcor Manufacturing Company, Inc. is a Canadian corporation having its principal place of business at 700 9th Avenue SW, Suite 3000, Calgary, Alberta, Canada T2P 3V4. (Pexcor Manufacturing Company, Inc. is referred to herein as

"Pexcor.")

3.      Third Party Defendant HeatLink Group, Inc. is a Canadian corporation having its principal place of business at 4603E - 13th Street NE, Calgary, Alberta, (HeatLink Group, Inc. is referred to herein as "HeatLink"). HeatLink and Pexcor operate under common ownership and control.

4.      On information and belief, Pexcor manufacturers the products that infringe upon United States Patent No. 6,106,761 (the "761 Patent") and HeatLink distributes those products throughout the world, including the United States.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.  This Court has personal jurisdiction over Pexcor because it has subjected itself to the jurisdiction of this Court by bringing a claim for declaratory relief against Uponor AB. This Court has both general and specific personal jurisdiction over HeatLink due to its contacts with this judicial district, such that the exercise of jurisdiction over HeatLink would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Pexcor filed a declaratory action in this judicial district and is subject to this Court's personal jurisdiction and HeatLink is subject to this Court's personal jurisdiction, has committed acts within this judicial district giving rise to this action, and conducts business in this judicial district.

## COUNT I: PATENT INFRINGEMENT

7.      Uponor realleges and incorporates herein the preceding paragraphs 1-6.

8.      Uponor is an intellectual property holding company having related entities involved in the manufacture of polymer pipes, tubing, and other products for plumbing and hydronic industries throughout the world, including the United States.

9.      The '761 Patent entitled "Method for Heating and/or Cross-linking of Polymers and Apparatus Therefor,"  is duly and legally owned by Uponor, and was issued on August 22, 2000.  A true and correct copy of the patent-in-suit as issued is attached hereto as Exhibit A.

10.      Pexcor is involved in the manufacture of pipes and other polymer products using a process and apparatus that infringe upon the '761 Patent. HeatLink is involved in the importation, distribution and sale of products into and throughout the United States that were manufactured by Pexcor using the infringing process and apparatus and, as such, is liable as an infringer under 35 U.S.C. §271(g) .

11.      On information and belief, Pexcor and HeatLink have infringed and continue to infringe the '761 Patent under 35 U.S.C. § 271 *et seq*.  The infringing acts include, but are not necessarily limited to, the making, importation, offering for sale, selling and distribution of the product(s) identified in Paragraph 10 above.

12.      Pexcor's and HeatLink's acts of infringement have caused damage to Uponor. Under 35 U.S.C. § 284, Uponor is entitled to recover from Pexcor and Heatlink the damages sustained by Uponor as a result of their infringement of the ''761 Patent.  Pexcor and Heatlink's infringement on Uponor's exclusive rights under the '761 Patent will continue to damage Uponor causing irreparable harm, for which there is no adequate remedy of law, unless enjoined

by this Court under 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counter-Plaintiff UPONOR AB respectfully requests that this Court enter judgment against Plaintiff/Counter-Defendant Pexcor and Third Party Defendant HeatLink as follows:

(a)     A finding that Pexcor and HeatLink have infringed and continue to infringe the '761 Patent;

(b)     A finding that Pexcor and HeatLink and their respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with Pexcor and HeatLink be preliminary and permanently enjoined under 35 U.S.C. § 283 against any further acts of infringement;

(c)     For damages to be paid by Pexcor and HeatLink adequate to compensate Uponor for all  infringement of the '761 Patent, including interest, costs and disbursements as justified under 35 U.S.C. § 284;

(d)     A finding that this case is exceptional and awarding Uponor attorney fees under 35 U.S.C. § 285; and

(e)     For such further relief at law and in equity as the Court may deem just and proper.

Dated: April 5, 2012                    Respectfully submitted,


                                        /s/ Joseph M. Vanek____
                                        Joseph M. Vanek
                                        John P. Bjork
                                        Vanek, Vickers & Masini, P.C.
                                        111 S. Wacker, Suite 4050
                                        Chicago, Illinois 60601
                                        (312) 224-150

                                        Counsel for UPONOR AB

**<ins>CERTIFICATE OF SERVICE</ins>**

The undersigned attorney hereby certifies that on April 5, 2012, a true and correct copy of **UPONOR AB'S ANSWER TO COMPLAINT, COUNTERCLAIM FOR INFRINGEMENT, AND THIRD PARTY COMPLAINT FOR INFRINGEMENT** were filed electronically with the Clerk of the Court and were served via the Court's CM/ECF System which will automatically provide electronic notice upon all counsel of record.

<ins>/s/ Joseph M. Vanek</ins>