IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEXCOR MANUFACTURING COMPANY, INC.<br><br>        Plaintiff/Counter-Defendant,<br>v.<br><br>UPONOR AB<br>        Defendant/Counter-Plaintiff. | No. 11-cv-02034 (RMC)<br><br>Honorable Judge Rosemary M. Collyer |
| UPONOR AB.<br><br>        Third Party Plaintiff,<br>v.<br><br>HEATLINK GROUP, INC.<br><br>        Third Party Defendant. | |

## UPONOR AB'S MOTION TO STAY

Defendant/Counter-Plaintiff/Third Party Plaintiff UPONOR AB ("UAB"), by and through its undersigned counsel, respectfully moves the Court to stay this matter pending the resolution of parallel litigation currently taking place in Canada.

UAB and Plaintiff/Counter-Defendant Pexcor Manufacturing Company ("Pexcor"), both foreign entities, are currently engaged in litigation in Canada that is nearly identical to this dispute. The Canadian action is further along than this litigation and is located in a forum that is closer to relevant evidence and more convenient to the parties and witnesses than this District. Moreover, it is highly likely that the resolution of

1

the Canadian case will result in the resolution of this case as well. A short stay of this matter would therefore promote judicial efficiency without prejudicing either party.

Pursuant to Local Rule 7(m), counsel for UAB requested that Pexcor consent to the Motion. Counsel for Pexcor indicated that Pexcor would not agree to stay the case at this time.

For the reasons above, and for the reasons more fully explained in UAB's concurrently filed Memorandum of Points and Authorities, UAB respectfully requests that the Court grant its Motion to Stay. Pursuant to Local Rule 7(c), a Proposed Order is attached herewith as "**Exhibit A.**"

Dated: April 5, 2012                           Respectfully submitted,

                                               /s/ Joseph M. Vanek

                                               Joseph M. Vanek
                                               John P. Bjork
                                               Vanek, Vickers & Masini, P.C.
                                               111 S. Wacker, Suite 4050
                                               Chicago, Illinois 60601
                                               (312) 224-1500

                                               Counsel for UPONOR AB

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEXCOR MANUFACTURING COMPANY, INC.<br><br>        Plaintiff/Counter-Defendant,<br>v.<br><br>UPONOR AB<br>        Defendant/Counter-Plaintiff. | No. 11-cv-02034 (RMC)<br><br>Honorable Judge Rosemary M. Collyer |
| UPONOR AB.<br><br>        Third Party Plaintiff<br>v.<br><br>HEATLINK GROUP, INC.<br><br>        Third Party Defendant. | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UPONOR AB'S MOTION TO STAY

Defendant UPONOR AB ("UAB"), by and through its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Stay this case pending the resolution of parallel litigation currently taking place in Canada.

### I. INTRODUCTION

It is well established that federal courts have the power, pursuant to a doctrine known as international abstention, to stay a case if there are parallel proceedings in a foreign jurisdiction. While the power is discretionary, it is frequently exercised when the foreign action is further along than the U.S. litigation, when the foreign forum is more

convenient to the parties and the witnesses, and when a stay would promote judicial economy without prejudicing the parties. This case is just the type of matter that should be stayed pursuant to the Court's discretionary authority.

The dispute before this Court is one of two patent declaratory actions filed against UAB by its competitor Pexcor Manufacturing Company ("Pexcor") in this forum and in the Federal Court of Canada (the "Canadian litigation"). Pexcor and UAB are the principle parties in each lawsuit, both of which pertain to the same legal issues and technology, namely, whether Pexcor can be liable for infringing patents that were issued to UAB in the United States and Canada, which contain the same prior art and specifications and nearly identical claim terms.

Unlike this case, which is in its infancy, the parallel Canadian litigation has been proceeding since March of 2011, includes several necessary parties that this Court does not likely have jurisdiction over, and will likely be resolved within a year. Moreover, the Canadian action is located in a forum that is more convenient to the parties and closer to relevant physical evidence, including Pexcor's manufacturing facility and the headquarters of its product distributor.

The duplicative nature of this litigation, coupled with the facts that the alternate forum is competent, more convenient, and has already assumed jurisdiction, makes this matter properly suited for a stay. UAB therefore respectfully submits that the Court should conserve valuable judicial and party resources and grant UAB's motion.

## II. FACTUAL BACKGROUND

UAB is a Swedish intellectual property holding company having related entities involved in the manufacture and sale of plumbing, heating and cooling, and fire safety

4

systems including polymer pipes. *See* UAB Answer to Pexcor's Complaint, ¶7.  As part of its business, UAB is involved in extensive research and development, and is the owner of several patents, including United States Patent No. 6, 106, 761 ("the U.S. patent") and Canadian Patent No. 2, 232, 376 ("the Canadian patent"). *See* U.S. Patent No. 6, 106, 761 attached as "**Exhibit B**" and Canadian Patent No. 2,232,376 attached as "**Exhibit C**". The U.S. and Canadian patents cover the exact same technology - UAB's unique method and process for manufacturing polymer piping through the use of infrared radiation – and contain identical specifications and prior art and nearly identical claim terms. *Id.*

Pexcor is a competitor of UAB in the polymer piping industry and maintains its operations, including, upon information and belief, its manufacturing facility, in Alberta, Canada. *See* Pexcor Complaint (Dkt. No. ¶ 1); Pexcor Company Profile, attached as "**Exhibit D**." Prior to this litigation, UAB received information indicating that Pexcor and its product distributor, Heatlink Group Inc. ("Heatlink"), also based in Alberta, Canada, were infringing the U.S. Patent and Canadian Patent through the production and sale of polymer piping in a manner that fell within the independent claims of the patents. *See* Heatlink Group Inc. Head Office Address, attached as "**Exhibit E**"; UAB letter to Pexcor, dated 1/18/2011, attached as "**Exhibit F**". Upon becoming aware of the infringement, UAB's Canadian counsel sent a letter, on January 18, 2011, to Pexcor and Heatlink advising them of their infringement of both patents. *See* Ex. F. The letter requested a response by February 1, 2011 and informed Pexcor and Heatlink that UAB was prepared to file legal action in the Federal Court of Canada. *Id.* at 2.

Instead of responding to the substance of UAB's letter on February 1, Pexcor's counsel (who is not the same counsel representing Pexcor in this litigation), requested

multiple extensions of UAB's deadline. *See* Pexcor/UAB Correspondence, dated January, 26, 2011, February 7, 2011, and September 8, 2011, attached as "**Group Exhibit 1**". As part of that correspondence, Pexcor's counsel promised, on multiple occasions, to respond to UAB's letter, and specifically asked that UAB not commence its infringement action until Pexcor could address UAB's concerns. *See* Group Ex. 1 at p. 1-2. UAB agreed to Pexcor's request and held off on filing its case. Finally, on March 3 and 4, 2011, rather than providing UAB with a response to its letter as promised, Pexcor filed separate patent declaratory actions in the District Court for the Northern District of Illinois and the Federal Court of Canada in Calgary, Alberta, Canada. *See* Pexcor Manufacturing Co. v. Uponor AB, Case No. 11-cv-01514 (N.D. Ill.), Dkt. No. 1; Pexcor Manufacturing Co. v. Uponor AB, Court No. T-374-11, Court Index and Docket, p. 3, entry no. 1, attached as "**Exhibit G**".

In response to Pexcor's Canadian lawsuit, UAB filed its own action for infringement of UAB's Canadian patent. *See* Uponor AB v. Heatlink Group Inc. et al., Court No. T-496-11, Court Index and Docket, p. 7, entry no. 1, attached as "**Exhibit H**". UAB's statement of claim named the following defendants: 1) Pexcor; 2) Heatlink, 3) Crosslink Finland Oy ("Crosslink"); 4) iNOEX GmbH ("iNOEX Germany"); and 5) iNOEX LLC. *See* UAB Statement of Claim at pp. 3, 6, attached as "**Exhibit I**". Defendants Crosslink, iNOEX Germany, and iNOEX LLC - who are believed to have supplied Pexcor with some of the infringing manufacturing equipment - are located in Finland, Germany, and Lancaster, Pennsylvania respectively. *Id.* at p. 10. The Canadian litigation has proceeded uninterrupted since Pexcor's March 4, 2011 filing. *See* Ex. G and H. To date, all parties except Crosslink have filed a Statement of Defense (which is

the equivalent of an Answer[1]), the iNOEX entities have filed a motion for summary judgment, and a Confidentiality Order has been entered by the Court. *See* Ex. H at p. 2, entry no. 22; Pexcor, Heatlink, iNOEX GmbH and iNOEX LLC Statements of Defence and iNOEX Motion for Summary Judgment, attached as "**Group Exhibit 2**".

As for the U.S. litigation, UAB filed a motion to dismiss Pexcor's action based on UAB's lack of relevant contacts with United States generally and Illinois in particular. *See* Pexcor Manufacturing Co. v. Uponor AB, Case No. 11-cv-01514 (N.D. Ill.), Dkt. No. 43. Rather than responding to UAB's motion, and prior to engaging in any discovery, Pexcor stipulated to the dismissal of the case, and refiled it with this Court.[2] *Id.* at Dkt. No. 47. This Motion to Stay and the concurrently filed Answer, Counterclaim for Infringement, and Third Party claim for Infringement are UAB's first responsive pleadings in the refiled case.

### III. LAW AND ARGUMENT

While federal courts have a duty to exercise the jurisdiction conferred upon them by Congress, it is well established that courts have the inherent power to stay (or even dismiss) an action based on the pendency of parallel litigation in a foreign jurisdiction. *See e.g., Finova Capital Corp. v. Ryan Helicopters USA, Inc.,* 180 F. 3d 896, 899-901 (7th Cir. 1999); *Groeneveld Transportation Efficiency, Inc. v. Eisses,* 2007 U.S. Dist. Lexis 68965, *6-7 (N.D. Ohio 2007); *Brinco Mining Ltd. v. Federal Ins. Co.,* 552 F.Supp.

---

[1] Due to Crosslink's failure to participate in the case, UAB was granted leave to commence default proceedings. *See* Correspondence between UAB and Crosslink dated February 13, 2012, attached as "**Exhibit J**".

[2] Because UAB has no relevant jurisdictional contacts with the United States, the District Court for the District of Columbia, which has personal jurisdiction over foreign patentees that are not subject to jurisdiction in any other state, is the only forum where this case could have been filed. *See* 35 U.S.C. §293.

1233, 1241-1243 (D.D.C. 1982). This power – rooted in a principle known as international abstention – is an extension of state court abstention. *See id.* In *Colorado River Water Conservation District v. United States*, the United States Supreme Court held that federal courts may abstain from hearing a case because there is a similar action pending in state court. 424 U.S. 800, 821 (1976). The *Colorado River* opinion and its progeny, including decisions relating to parallel foreign proceedings, rest on considerations of wise judicial administration and the general policy of avoiding duplicative litigation. *See Colorado River*, 424 U.S. 800, 817; *EFCO Corp. v. Aluma Systems USA, Inc.*, 983 F.Supp. 816, 824 (S.D. Iowa 1996).

In assessing whether foreign abstention is appropriate, courts typically balance a number of factors. *See Goldhammer et al. v. DD UK, Ltd.*, 59 F.Supp.2d 248, 252-253 (D. Mass. 1999); *EFCO Corp. v. Aluma Systems, USA*, 983 F.Supp. at 824. These factors include 1) the similarity of parties and issues involved in the foreign litigation; 2) the promotion of judicial efficiency; 3) the adequacy of relief available in the alternative forum; 4) issues of fairness and convenience of the parties, counsel and witnesses; 5) the possibility of prejudice to any of the parties; and 6) the temporal sequence of the filing of the actions. *Id.* The overarching goal in weighing these factors is to demonstrate the proper level of respect for the acts of foreign courts, ensure fairness to the litigants, and efficiently use scarce judicial resources. *See Goldhammer et al. v. DD UK, Ltd.*, 59 F.Supp.2d at 253.

The question for this Court is thus whether the totality of factors above, as applied to this case, warrants a stay. UAB respectfully submits that the answer to that question is yes.

1. <u>The similarity of the parties and issues in both cases strongly favors a stay.</u>

There is no question that the Canadian action and this lawsuit constitute parallel litigation. Pexcor and UAB are the principal parties in both matters, and both cases involve the same factual and legal issues. *See Finova Capital Corp. v. Ryan Helicopters USA, Inc.*, 180 F. 3d at 899 ("Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora"). As noted, the U.S and Canadian patents cover the same technology, specifically, UAB's method and apparatus for manufacturing polymer tubing through the use of infrared radiation. *See* Ex. B at p. 1; Ex. C at p. 1. In fact, the prior art listed in each patent is same, the specifications of each patent are identical, and the claims of each patent are nearly identical. *See* Ex. A at pp. 7-12; Ex. B at pp. 3-23. Moreover, the same conduct – Pexcor's infringing manufacturing process in Canada – is central to both cases.

The parallels between the two matters - same parties, same technology, same conduct and nearly identical patents - strongly favors a stay of this litigation.

2. <u>A stay would promote judicial efficiency.</u>

Judicial economy considerations also favor a stay. Patent disputes are generally highly technical, fact intensive, and time consuming, not to mention incredibly expensive to litigate. This case figures to be no exception given that the technology at issue is rather complicated, and the issues of infringement, invalidity, and unenforceability are all before the Court.

As explained above, the Canadian litigation involves nearly identical disputes regarding the exact same technology, alleged conduct, and all but identical patents. As

such, if the two cases proceed concurrently, the parties will be forced to perform costly and expensive discovery, argue similar motions, and construe nearly identical claim terms – twice. More importantly, if this case goes forward, the Court will needlessly expend valuable judicial time and resources overseeing litigation that is already steadily progressing and will likely be resolved by the Canadian court within a year.[3]

Judicial efficiency would also be promoted by staying this case because the Canadian Court is in the best position to promote a full and efficient resolution of the dispute between the parties. That is so because, on information and belief, all of Pexcor's manufacturing is located in Canada, not the United States. *See* Ex. D. As a consequence, regardless of the resolution of this action, the Canadian action will likely proceed. The opposite is not true, as an injunction in Canada will effectively end the entire dispute between the parties.

To permit these cases to proceed concurrently would constitute an unnecessary waste of judicial and party resources, which runs contrary to the principles of judicial economy, and constitutes another reason to stay the case. *See Finova Capital Corp. v. Ryan Helicopters USA, Inc.*, 180 F. 3d at 899 (affirming a stay of a lawsuit pending in the Northern District of Illinois in favor of a foreign proceeding in part because "…considerations of judicial economy – notably the need to avoid protracted, piecemeal litigation --- favored staying the district court proceedings"); *EFCO Corp. v. Aluma*

---

[3] On May 1, 2009 the Canadian Federal Court issued a "Notice to the Parties and the Profession" regarding the issue of streamlining complex litigation, particularly intellectual property litigation. *See* "Notice to Parties and the Profession" attached as "**Exhibit K**." The Notice states that when a party requests a trial date early in an action, the Court will endeavor to have the action tried within two (2) years of its commencement. *Id.* In this case, UAB requested a trial date from the Federal Court on September 6, 2011, making it highly likely the Canadian action will be resolved within a year. *See* UAB letter to Canadian Federal Court, dated September 6, 2011, attached as "**Exhibit L**".

*Systems, USA*, 983 F.Supp. at 824 (granting defendant's motion to stay litigation due to parallel action in Canada in part because "maintaining two concurrent and simultaneous proceedings would consume a great amount of judicial, administrative, and party resources for only speculative gain.")

3. <u>The Federal Court of Canada is the more logical and convenient forum for the adjudication of this dispute.</u>

A stay is also warranted because the Federal Court of Canada is a more convenient and logical forum. At its core, this is a Canadian-based dispute. Pexcor and Heatlink are both headquartered in Canada. *See* Exs. D and E. Moreover, Pexcor's infringement of both the U.S. and Canadian patents originated, on information and belief, at Pexcor's manufacturing facility in Alberta, Canada, through the use of infringing equipment that was presumably shipped to it at that facility. Further, because Pexcor's manufacturing and distribution operations (through Heatlink) are located in Canada, it is highly likely that the vast majority of the relevant evidence and witnesses – such as Pexcor's manufacturing equipment and current/former Pexcor and Heatlink employees – will be found there.

On the other hand, this dispute has little to no connection to the Unites States generally or this district in particular. In fact, other than Heatlink and iNOEX LLC, none of the parties involved in the dispute, including UAB and Pexcor, appear to have any relevant contacts with this country. [4]

---

[4] While the dispute is centered in Canada, Pexcor and Heatlink are nonetheless subject to this Court's jurisdiction on account of their violation of the U.S. patent laws through their infringement of UAB's U.S. Patent. As explained in UAB's Counterclaim and Third Party claim for Infringement, on information and belief, the products produced through Pexcor's infringing manufacturing process are sold and distributed by Heatlink throughout the United States.

11

The inconvenience and lack of connection this forum has to the underlying dispute vis à vis the Canadian forum makes this matter much like the case of *Groeneveld Transport Efficiency, Inc. v. Eisses.* 2007 U.S. Dist. LEXIS 68965 (N.D. Ohio 2007). There, the plaintiff, a transportation company, sued the defendant, a former officer of the company, in the District Court of Ohio for alleged violations of his fiduciary duties. *Id.* at 2-3. The defendant moved to stay the case due to pending litigation in Canada based on the same underling subject matter. The court granted defendant's motion, and, in doing so, relied heavily on facts that defendant lived in Canada, the conduct giving rise to plaintiff's claim took place in Canada, and Ohio was an inconvenient forum for many of the witnesses. *Id.* at 6-7.

Here, just like in *Groeneveld,* the Canadian forum is much more convenient for the parties and witnesses and is in closer proximity to the location of Pexcor's infringing acts and evidence relating thereto. Accordingly, this Court should follow the lead of the *Groeneveld* court and stay the case. *See also Hay Acquisition Co. v. Schneider*, 2005 U.S. Dist. LEXIS 24490,*42 (D. Pa 2005)(staying plaintiff-employers' lawsuit against a former employee in deference to a concurrent German action because, among other reasons, defendant was a German citizen, the employer that defendant worked for was a German company, and all of the defendant's purported wrongdoings took place in Germany).

4.  <u>While neither this Court, nor the Canadian court, can provide "complete" relief due to jurisdictional limitations, the Canadian court is in the best position to fully resolve the dispute between the parties, tilting the "adequacy of relief" factor in favor of a stay.</u>

Neither court can fully adjudicate all issues at play in this dispute. With regard to this Court, it does not appear to have personal jurisdiction over Crosslink and iNOEX

12

Germany, both of whom are believed to have supplied infringing equipment to Pexcor and whose participation in this litigation is thus central to the full resolution of the case. Notably, both of these parties appear to be subject to jurisdiction in Canada, and iNOEX Germany is actively participating in the Canadian litigation. *See* Group Ex. 2 at pp. 7-14; Ex. J.  Because this Court does not have jurisdiction over Crosslink and iNOEX Germany, and because the Canadian court does, the Canadian court has the ability to provide broader relief to the parties in this regard, which works in favor of a stay.  The Canadian court also has jurisdiction over what is, on information and belief, Pexcor's global manufacturing center and, as a consequence, it is in the best position to prompt a global resolution of the claims.

On the other hand, the Canadian court cannot adjudicate U.S. patent rights. While Pexcor will surely argue that this strongly militates against a stay, in truth, the Canadian court's inability to issue a ruling on the U.S. patent will likely have no impact on the overall outcome of this dispute. This is so because, practically speaking, once the Canadian case is decided, this case will likely be over too. The identical nature of the technology, coupled with the facts that Pexcor is located and operates in Canada, makes it all but certain that the claim construction and infringement findings in the Canadian litigation will lead to an out of court resolution of this case. *See Finova Capital v. Ryan Helicopters*, 180 F.3d at 899 ("...since both proceedings turn on the same core issue, this is a case where one can predict with some confidence that the foreign court litigation will probably eliminate the need for further proceedings in federal court.").  As such, even though the Canadian court's inability to adjudicate the U.S. patent technically works against a stay, it does so only slightly.

Considering the jurisdictional limits of both courts, this factor tilts in favor of a stay.

5. <u>Given the unique circumstances surrounding the filing of Pexcor's lawsuits, the temporal sequence of the respective filings should be disregarded from the Court's analysis.</u>

Although it is true that Pexcor filed a lawsuit against UAB in the United States before filing in Canada, this factor should be given little, if any, weight. This is so for a number of reasons.

First, the U.S. and Canadian filings were effectively concurrent. Pexcor's initial U.S. lawsuit, which was filed in Illinois, was initiated on March 3, 2011, a mere a day before it filed the Canadian lawsuit. *See* Pexcor Manufacturing Co. v. Uponor AB, Case No. 11-cv-01514 (N.D. Ill.), Dkt. No. 1; Ex. G at p. 3, entry No 1. Second, Pexcor dismissed its initial lawsuit and filed a new cause of action in this Court on November 16, 2011, over eight months after it filed the Canadian action. Finally, and most importantly, absent the somewhat sharp conduct by Pexcor's Canadian counsel,[5] UAB would have filed an infringement action against Pexcor in Canada well before the initiation of Pexcor's declaratory actions in either country. *See* Group Exhibit 1. UAB held off on filing its infringement action in Canada solely as a courtesy to Pexcor's counsel owing to a claimed family illness, which is the only reason UAB was not the first filer in this litigation. *Id.* In view of the foregoing, the Court should disregard the sequence of filings as a factor in its consideration of whether a stay is appropriate.

6. <u>Pexcor will not be prejudiced by a stay, which further supports UAB's motion.</u>

A short stay will not prejudice Pexcor. This is true because, as explained above, the resolution of the Canadian litigation will very likely end this case as well. Moreover,

---

[5] UAB again notes that this comment is not directed against Pexcor's counsel in this case.

14

in the unlikely event the outcome of the Canadian litigation does not resolve the overall dispute, Pexcor can move to lift the stay and seek its full relief from this Court at that time.

## IV. CONCLUSION

On balance, it is abundantly clear that the totality of the relevant factors supports a stay of this case until the conclusion of the parallel Canadian action. Accordingly, for the reasons stated herein, UAB respectfully requests that the Court grant its Motion to Stay.

Dated: April 5, 2012                             Respectfully submitted,

/s/ Joseph M. Vanek

Joseph M. Vanek
John P. Bjork
Vanek, Vickers & Masini, P.C.
111 S. Wacker, Suite 4050
Chicago, Illinois 60601
(312) 224-1500

Counsel for UPONOR AB

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 5, 2012, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and was served via the Court's CM/ECF System which will automatically provide electronic notice upon all counsel of record.

/s/ Joseph M. Vanek