# EXHIBIT I

No. 11-cv-02034 (RMC)



Court File T- 496-11

## FEDERAL COURT

### UPONOR AB

Plaintiff

- and -

### HEATLINK GROUP INC. and
### PEXCOR MANUFACTURING COMPANY INC.
### and CROSSLINK FINLAND OY and INOEX GMBH and INOEX LLC

Defendants

## STATEMENT OF CLAIM

**TO THE DEFENDANT:**

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the Plaintiffs. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or a solicitor acting for you are required to prepare a statement of defence in Form 171B prescribed by the Federal Court Rules serve it on the plaintiffs' solicitor or, where the plaintiff does not have a solicitor, serve it on the plaintiffs, and file it, with proof of service, at a local office of this Court, WITHIN 30 DAYS after this statement of claim is served on you, if you are served within Canada.

If you are served in the United States of America, the period for serving and filing your statement of defence is forty days.  If you are served outside Canada and the United States of America, the period for serving and filing your statement of defence is sixty days.

HAM_LAW\ 3064981\2
3/24/11

Copies of the Federal Court Rules information concerning the local offices of the Court and other necessary information may be obtained on request to the Administrator of this Court at Ottawa (telephone 613-992-4238) or at any local office.

IF YOU FAIL TO DEFEND THIS PROCEEDING, judgment may be given against you in your absence and without further notice to you.

Date:March 24, 2011

Issued by: _____
(Registry Officer)

Address of
local office:     180 Queen Street West
                  Suite 220
                  Toronto, Ontario
                  M5V 3L6

TO:        **HEATLINK GROUP INC.**
           4603E 13th Street NE
           Calgary, AB
           T2E 6M3

AND TO:    **PEXCOR MANUFACTURING COMPANY INC.**
           3615-32 Street NE
           Calgary, AB
           T1Y 5Y9

AND TO:    **iNOEX GmbH**
           Borweg 27
           D-32547 Bad Oeynhausen

AND TO     **iNOEX LLC**
           1861 Charter Lane #111
           Lancaster, PA
           17601-6736

AND TO     **CROSSLINK FINLAND OY**
           Viklanpolku 4 B
           33540 Tampere
           Finland

HAM_LAW\3064983\2
3/24/11

3

## CLAIM

1.    The Plaintiff claims:

(a)    A declaration that, as between the parties, Canadian Patent Number 2,232,376 (the "Canadian Patent") is valid;

(b)    a declaration that the defendants, Crosslink Finland Oy, iNOEX GmbH, iNOEX LLC, HeatLink Group Inc. and Pexcor Manufacturing Company Inc. (collectively the "Defendants"), have infringed, have induced infringement of, and continue to infringe and to induce infringement of the Canadian Patent at least through:

(i)    use of a process for heating a polymer material, comprising irradiation of said polymer material with infrared radiation, wherein wave lengths corresponding to the absorption peaks for the polymer material in respect of infrared radiation, have been eliminated in the infrared radiation irradiating the polymer material;

(ii)    manufacture, construction, importation, use, and/or sale to others for their use, of apparatus for heating polymer material, comprising at least one zone with at least one source of infrared radiation for irradiation of the polymer material with infrared radiation in which the wave lengths corresponding to the absorption peaks of the polymer material in respect of infrared radiation have been eliminated;

(iii)    use of a process for reconditioning pipes, including introduction of a lining tube into the pipe which has a length corresponding to the part of the pipe which is to be reconditioned, the lining tube comprising one or several layers of polymer materials and having an outer diameter smaller than the inner diameter of the pipe, the lining tube being expanded against the walls of the

4

pipe, the lining tube being heated by means of infrared radiation in which the wave lengths corresponding to the absorption peaks of the layers in respect of the infrared radiation have been eliminated, as defined in claim 39 of the Canadian Patent; and

(iv)  manufacture, construction, importation, use, and/or sale to others for their use, of composite tube comprising at least one outer layer, at least one intermediate layer, and an inner layer, said intermediate layer consisting of polyethylene, wherein said outer and said inner layer comprise a plastics material forming a barrier against oxygen and having a low permeability in respect of peroxide and/or reaction residues of peroxide, said intermediate layer of polyethylene being uniformly cross-linked across the entire thickness of the outer layer by infrared radiation in which the wave lengths corresponding to the absorption peaks polyethylene has in respect of infrared radiation have been eliminated.

(c)  an interim, interlocutory and permanent injunction restraining the Defendants as well as their subsidiary and affiliated companies, franchisees, officers, directors, employees, agents, licensees, successors, assigns and any others over whom they have control from:

(i)  using and/or inducing or procuring others to use any process for heating a polymer material that infringes the Canadian Patent;

(ii)  manufacturing, constructing, importing, using, offering for sale and/or selling to others for their use, and inducing or procuring others to manufacture, construct, import, use, offer for sale and/or sell, apparatus for heating polymer material that infringes the Canadian Patent;

5

(iii)    using and/or inducing or procuring others to use any process for reconditioning pipes that infringes the Canadian Patent;

(iv)    manufacturing, constructing, importing, using, offering for sale and/or selling to others for their use, and inducing or procuring others to manufacture, construct, import, use, offer for sale and/or sell, composite tube that infringes the Canadian Patent;

(v)    otherwise infringing or inducing the infringement of the Canadian Patent;

(d)    an order directing the Defendants to deliver up to the Plaintiff all articles in their possession, power or control falling within the scope of any of the claims set out in subparagraphs (b) and (c) herein, or which infringe the Canadian Patent;

(e)    damages or, alternatively, an accounting of profits made by the Defendants as the Plaintiff may elect, such damages to exceed $50,000.00 exclusive of interest and costs;

(f)    aggravated, punitive and exemplary damages;

(g)    pre-judgment and post-judgment interest on such compensation, damages and profits from the date they arose to the date of payment, compounded at such rate and on such periodic basis as the Court deems just;

(h)    their costs of this action on a solicitor and client basis;

(i)    pre- and post-judgment interest thereon; and

(j)    such further and other relief as to this Honourable Court deems just.

HAM_LAW\3064981\2
3/24/11

6

2.     This action will not be tried as a simplified action.

**The Parties**

3.     The Plaintiff, Uponor AB ("Uponor"), is a registered corporation in Surahammar, Västmanlands län, Sweden having registration number 556690-0808.  Uponor is the owner of the Canadian Patent.

4.     The Defendant, Crosslink Finland Oy ("Crosslink") does not have a license to use the invention claimed within the Canadian Patent.  Crosslink is registered in Janakkala, Finland with trade register number 0632559-4.

5.     The Defendant, iNOEX GmbH ("iNOEX Germany") is a company operating as 'iNOEX GmbH Innovation under Ausrüstungen für die Extrusionstechnik' with its headquarters operating out of Borweg 27, D-32547 Bad Oeynhausen, Germany.  iNOEX Germany does not have a license to use the invention claimed within the Canadian Patent.

6.     The Defendant, iNOEX LLC ("iNOEX USA") is a subsidiary of iNOEX GmbH and is located in Lancaster, Pennsylvania.  It advertises itself as being both a Plastic and Plastic Products Manufacturer and as a sales office, the particulars of which are known to iNOEX GERMANY and iNOEX USA and the Defendants.  iNOEX USA does not have a license to use the invention claimed within the Canadian Patent.

7.     The Defendant, HeatLinkGroup Inc. ("HeatLink") is corporation incorporated and existing under the laws of the Province of Alberta, having its registered office at 3000, 700-9th Avenue SW, Calgary, Alberta.  HeatLink does not have a license to use the invention claimed within the Canadian Patent.

8.     The Defendant, PexCor Manufacturing Company Inc. ("Pexcor"), is a corporation incorporated and existing under the laws of the Province of Alberta, having its registered office at

7

3000, 700-9th Avenue SW, Calgary, Alberta.  Pexcor does not have a license to use the invention claimed within the Canadian Patent.

9.     Uponor, as owner of the Canadian Patent, has the exclusive right, privilege and liberty of making, constructing, using and selling the invention as claimed in the Canadian Patent.

**The Canadian Patent**

10.     The Canadian Patent, attached hereto as Schedule "A", which is entitled "Method for Heating and/or Cross-Linking of Polymers and Apparatus Therefor", was assigned a filing date of September 20, 1996 by the Canadian Intellectual Property Office and was issued on November 19, 2002.

11.     Uponor filed an application for reissue of the Canadian Patent in the Canadian Intellectual Property Office on November 20, 2006 (the "Reissue Application").  The Reissue Application was initially rejected by the Canadian Intellectual Property Office and Uponor withdrew the Reissue Application on December 13, 2010.

12.     The Canadian Patent has been and continues to be in good standing and in full force and effect from its date of issue.

13.     By virtue of its ownership of the Canadian Patent, and by virtue of section 42 of the *Patent Act*, R.S.C. 1985, c. P-4, as amended, Uponor possesses the exclusive right, privilege and liberty of making, constructing, using and selling to others to be used, the invention claimed therein.

14.     The Canadian Patent generally relates to the heating of polymer material, including irradiation of the polymer material with infrared radiation wherein wave lengths corresponding to absorption peaks for the polymer material in respect of infrared radiation have been eliminated, and claims a process for heating a polymer material, apparatus for heating polymer material, a process for reconditioning pipes, lining tube for reconditioning pipes, and composite tube.

HAM_LAW\3064988\2
3/24/11

8

15.     As defined by Claim 1, the Canadian Patent describes and claims a process for heating a polymer material, comprising irradiation of said polymer material with infrared radiation, wherein wave lengths corresponding to the absorption peaks for the polymer material in respect of infrared radiation, have been eliminated in the infrared radiation irradiating the polymer material.

16.     As defined by Claim 19, the Canadian Patent describes and claims apparatus for heating polymer material, comprising at least one zone with at least one source of infrared radiation for irradiation of the polymer material with infrared radiation in which the wave lengths corresponding to the absorption peaks of the polymer material in respect of infrared radiation have been eliminated.

17.     As defined by claim 39, the Canadian Patent describes and claims a process for reconditioning pipes, including introduction of a lining tube into the pipe which has a length corresponding to the part of the pipe which is to be reconditioned, the lining tube comprising one or several layers of polymer materials and having an outer diameter smaller than the inner diameter of the pipe, the lining tube being expanded against the walls of the pipe, the lining tube being heated by means of infrared radiation in which the wave lengths corresponding to the absorption peaks of the layers in respect of the infrared radiation have been eliminated.

18.     As defined by claim 49, the Canadian Patent describes and claims composite tube comprising at least one outer layer, at least one intermediate layer, and an inner layer, said intermediate layer consisting of polyethylene, wherein said outer and said inner layer comprise a plastics material forming a barrier against oxygen and having a low permeability in respect of peroxide and/or reaction residues of peroxide, said intermediate layer of polyethylene being uniformly cross-linked across the entire thickness of the outer layer by infrared radiation in which the wave lengths corresponding to the absorption peaks polyethylene has in respect of infrared radiation have been eliminated.

19.     Other aspects and features of the invention that are the subject of the exclusive rights conferred by the Canadian Patent are defined in claims 2 to 18, 20 to 38, 40 to 48 and 50.

**The Defendants' Infringing Activities**

20.     At a time and in a manner known to the Defendants but unknown to the Plaintiff, the Defendants have used and continue to use in Canada, and have induced and procured others to use and continue to induce and procure others to use in Canada, a process for heating a polymer material, comprising irradiation of said polymer material with infrared radiation, wherein wave lengths corresponding to the absorption peaks for the polymer material in respect of infrared radiation, have been eliminated in the infrared radiation irradiating the polymer material, as defined by Claim 1 of the Canadian Patent.

21.     The Plaintiff pleads that the Defendants, and in particular Pexcor and/or HeatLink have heated polymer material by irradiation of said polymer material with infrared radiation, wherein wave lengths corresponding to the absorption peaks for the polymer material in respect of infrared radiation, have been eliminated in the infrared radiation irradiating the polymer material by emitting a special distribution of IR wavelengths under 1.6 microns.

22.     The Plaintiff pleads that the Defendants, and in particular Pexcor and/or HeatLink are well aware of the Canadian Patent and have knowingly infringed the Canadian Patent.  The current Vice President, Sales & Marketing for HeatLink for North America was formerly Vice President, Sales and Marketing for Uponor North America and was President of Uponor Canada, both of which are affiliates of the Plaintiff.  At all material times the current Vice President of HeatLink had knowledge of the Canadian Patent.

23.     At a time and in a manner known to the Defendants but unknown to the Plaintiff, the Defendants have commenced and continue the manufacture, construction, importation, use, and/or sale to others for their use, of apparatus for heating polymer material, comprising at least one zone with at least one source of infrared radiation for irradiation of the polymer material with infrared radiation in which the wave lengths corresponding to the absorption peaks of the polymer material in respect of infrared radiation have been eliminated, as defined by Claim 19 of the Canadian Patent.

10

24.    The Plaintiff pleads that Crosslink and/or iNOEX Germany and/or iNOEX USA have manufactured, constructed, imported, used, and/or sold to others, including Pexcor and/or HeatLink, apparatus for heating polymer material, comprising at least one zone with at least one source of infrared radiation for irradiation of the polymer material with infrared radiation in which the wave lengths corresponding to the absorption peaks of the polymer material in respect of infrared radiation have been eliminated, namely an oven which emits a special distribution of IR wavelengths under 1.6 microns.

25.    In a press release dated October 2008, iNOEX Germany has admitted that in its apparatus, the wave lengths corresponding to the absorption peaks of the polymer material in respect of infrared radiation have been eliminated:

> The pipe is crosslinked immediately after it emerges from the extruder head by heating it with high power short wavelength infrared radiation. The special infrared heating concept is based on the use of wavelengths of light that penetrate the pipe wall, crosslinking the entire wall at once. This process leads to short heating times and also includes special vacuum calibration methods to calibrate the pipe to narrow tolerances.

26.    The Plaintiff pleads that Crosslink and/or iNOEX Germany and/or iNOEX USA have induced Pexcor and/or HeatLink to infringe the Canadian Patent.

27.    At a time and in a manner known to the Defendants but unknown to the Plaintiff, the Defendants have used and continue to use in Canada, and have induced and procured others to use and continue to induce and procure others to use in Canada, a process for reconditioning pipes, including introduction of a lining tube into the pipe which has a length corresponding to the part of the pipe which is to be reconditioned, the lining tube comprising one or several layers of polymer materials and having an outer diameter smaller than the inner diameter of the pipe, the lining tube being expanded against the walls of the pipe, the lining tube being heated by means of infrared

11

radiation in which the wave lengths corresponding to the absorption peaks of the layers in respect of the infrared radiation have been eliminated, as defined in claim 39 of the Canadian Patent.

28.    At a time and in a manner known to the Defendants but unknown to the Plaintiff, the Defendants have commenced and continue the manufacture, construction, importation, use, and/or sale to others for their use, of composite tube comprising at least one outer layer, at least one intermediate layer, and an inner layer, said intermediate layer consisting of polyethylene, wherein said outer and said inner layer comprise a plastics material forming a barrier against oxygen and having a low permeability in respect of peroxide and/or reaction residues of peroxide, said intermediate layer of polyethylene being uniformly cross-linked across the entire thickness of the outer layer by infrared radiation in which the wave lengths corresponding to the absorption peaks polyethylene has in respect of infrared radiation have been eliminated, as defined in claim 49 of the Canadian Patent.

29.    The Defendants' process for heating a polymer material also exhibits at least some of the features defined in claims 2 to 18.

30.    The Defendants' apparatus for heating polymer material also exhibits at least some of the features defined in claims 20 to 38.

31.    The Defendants' process for reconditioning pipes also exhibits at least some of the features defined in claims 40 to 43, 47 and 48.

32.    The Defendants have also commenced and continue the manufacture, construction, importation, use, and/or sale to others for their use, of lining tube according to claims 44 to 46.

33.    The Defendants' composite tube also exhibits the features defined in claim 50.

34.     Full particulars of all of the Defendants' infringing activities in Canada are within the knowledge of the Defendants but are unknown to the Plaintiff. Such information is within the knowledge of the Defendants and will be the subject of examinations for discovery.

35.     The Defendants' infringing activities have been done without the license or consent of the Plaintiff. The Plaintiff seek relief and recovery in respect of all such acts of infringement.

## Summary of Infringement

36.     By reason of the facts set out above, the Plaintiff states that the Defendants have infringed, and induced infringement of, the Canadian Patent. The aforesaid activities will likely continue unless restrained by this Court.

37.     The aforesaid activities have occurred without the consent or authority of the Plaintiff. By reason of the aforesaid activities, the Defendants have made a profit and continue to make profits, and the Plaintiff has suffered and will continue to suffer damages.

## Punitive and Exemplary Damages

38.     The conduct of the Defendants, collectively, is a wanton and callous disregard of the Plaintiff's rights. The Defendants have benefited from the Plaintiff's intellectual property and their conduct is deserving of an award of aggravated and punitive damages.

39.     The Plaintiff pleads and relies upon the *Patent Act*, R.S.C. 1985, c. p-4.

40.     On or about January 18, 2011, a letter was sent by the Plaintiff's counsel to the defendants Pexcor and HeatLink marked "**URGENT TIME LIMITED MATERIAL**". The Demand Letter concluded:

     "Should we not receive a reply from you or your counsel by <u>February 1,</u>

HAM_LAW\306498\2
3/24/11

2011 satisfactorily addressing our client's concerns, we have instructions to commence an action in the Federal Court of Canada which will include seeking injunctive relief to enforce our client's rights in an aggressive and fulsome manner."

41.     Ms. Coby A.B. Schneider of Miller Thomson LLP responded on January 26, 2011, advising she was counsel to the defendants HeatLink and Pexcor.

42.     She wrote:

"We are in the process of reviewing the material you have provided and will be responding to you shortly. We would ask that you please give us consideration in allowing us to properly respond to your letter and <u>ask that you do not commence an action in the Federal Court of Canada until we can properly address your concerns.</u> [Emphasis added]

We anticipated being able to respect (sic) to your concerns by the end of next week."

43.     Ms. Schneider failed to respond by the promised date.  However, she repeatedly requested extensions of time to "continue to research the claims made of infringement in [the] letter of January 18, 2011."

44.     Ms. Schneider's requests for extensions of time were granted, and consequently, Uponor did not commence litigation in the Federal Court of Canada awaiting the response of Pexcor and HeatLink, as requested by Ms. Schneider.

45.     On or about February 7, 2011, six days after the deadline in the Demand Letter, Ms. Schneider wrote to request a further extension of time until February 21, 2011 advising: "we are asking your indulgence in granting us a further two (2) weeks in which *to formally respond* to your letter of January 18, 2011" [Emphasis added].

14

46.     This further request for an extension of time was granted, and as requested Uponor did not commence litigation in the Federal Court of Canada awaiting the formal response of Pexcor and HeatLink.

47.     The defendants Pexcor and HeatLink failed to provide an answer to the Demand Letter by Ms. Schneider's promised deadline of February 21, 2011.  Repeated calls to Ms. Schneider were unanswered until March 3, 2011.

48.     On March 3, 2011, Ms. Schneider explained she had been absent from the office for approximately 2.5 weeks to care for a seriously ill family member. This explanation was provided as the reason for the failure of Pexcor and HeatLink to respond to Uponor's Demand Letter by either the original deadline of February 1 or the requested deadline of February 21, 2011. Ms. Schneider then asked for additional time to respond formally to the Demand Letter in the telephone call on March 3, 2011.

49.     This further request for an extension of time was granted on compassionate grounds, and as requested Uponor did not commence litigation in the Federal Court of Canada on March 3, 2011.

50.     On March 3, 2011, the same day as the above-referenced telephone call between Counsel, and without providing any response to Uponor's Demand Letter as promised, the defendant Pexcor commenced litigation against Uponor in the United States. The litigation was commenced without prior notice and during the time period during which the additional extension of time for Pexcor to formally respond to Uponor's claim was granted to Pexcor's Counsel on compassionate grounds.

51.     On March 4, 2011, Uponor's Counsel called Ms. Schneider. Ms. Schneider was reminded that the claim by Uponor had not been issued in the Federal Court of Canada *only* because Ms. Schneider had telephoned and asked in writing for extensions of time to respond. Ms. Schneider apologized.

HAM_LAW\3064982\2
3/24/11

15

52.    On that same day of March 4, 2011, the defendant Pexcor commenced litigation in the Federal Court of Canada in Court File No. T-374-11 seeking the action to be tried in Calgary. Again, no response had been provided to Uponor and Uponor had not commenced an action in the Federal Court of Canada only because of the representations of Ms. Schneider.

53.    The defendant Pexcor was first to issue a Statement of Claim only because of repeated requests for an indulgence to respond to Uponor's Demand Letter. The deadline in Uponor's letter predates the issuance of the Statement of Claim in Court File No. T-374-11 and an action was not commenced by Uponor in the Federal Court of Canada as set out in the Demand Letter because Ms. Schneider repeatedly requested that the Claim not be issued for the reasons as set out above.

The Plaintiff proposes that this action be tried in Toronto, Ontario.

*(signature)*

GOWLING LAFLEUR HENDERSON LLP
Barristers & Solicitors
One Main Street West
Hamilton, Ontario
L8P 4Z5

Heather C. Devine, LSUC: 41973K
Tel: (905) 540-3289
Fax: (905) 523-2529

Alex Ross, LSUC: 28568H
Tel: (905) 540-3243
Fax: (905) 523-2509

Lawyers for the Plaintiff