# EXHIBIT J

No. 11-cv-02034 (RMC)



montréal · ottawa · toronto · hamilton · waterloo region · calgary · vancouver · moscow · london

February 13, 2012

Heather C. Devine
Direct 905-540-3289
Direct Fax 905-523-2529
heather.devine@gowlings.com
File No. H165676

## FOR YOUR URGENT ATTENTION

VIA E-MAIL: AARNE.HEINO@CROSSLINK.FI

Aarne Heino
Crosslink Finland Oy
Viklanpolku 4 B
33540 Tampere
Finland

Dear Mr. Heino:

Re:  *Uponor AB v. Crosslink Finland Oy et al.*, T-496-11

I am writing to you as a representative of Crosslink Finland OY to advise Crosslink of certain developments in the above-referenced matter which, in our client's view, require immediate attention.

*Case Management Teleconference of January 17, 2012*

As we previously advised, a case management teleconference was convened on January 17, 2012 to address various procedural issues relating to the action. Previously, on October 11, 2011, Judge Aalto had ruled that Crosslink was to be advised in writing that the Court directed Crosslink to participate in the case management hearing, either on its own behalf or through Canadian counsel.

On October 17, 2011, we sent the enclosed letter advising of this ruling. Despite the ruling, and despite our written correspondence advising of same, Crosslink failed to participate in the case management teleconference. No explanation has been provided to the Court or to Uponor for the failure to participate.

During the case management hearing, there were two developments of particular importance to Crosslink Finland Oy. First, the Court granted our client, Uponor AB, leave to bring default proceedings against Crosslink.

# gowlings

Second, counsel to iNOEX GmbH And iNOEX LLC filed an affidavit attesting, among other things, that Crosslink has advised iNOEX that it cannot produce a contract between Crosslink and the iNOEX defendants in Court due to a confidentiality agreement between Crosslink and the iNOEX defendants.

We refer to the affidavit sworn by Martin Deters of iNOEX which, in part, discusses the existence of a business relationship between Crosslink and iNOEX and references certain agreements between Crosslink and iNOEX. The agreements themselves are not attached to the affidavit and are undisclosed to Uponor, and Mr. Deters attests that "the agreements are subject to confidentiality provisions and therefore cannot be provided without the consent of all parties thereto, which consent has been sought and refused".

We enclose a copy of that affidavit for your records. We assume from the affidavit that you, on behalf of Crosslink, have refused consent. If we are incorrect please advise at your earliest convenience in writing. If we are correct, please send all correspondence pertaining to Crosslink's objections to the production of the agreements between Crosslink and iNOEX and/or Pexcor and/or Heatlink, including all emails, letters, faxes to us at your earliest convenience , but no later than **March 1, 2012**. We require this documentation from Crosslink for our motion for summary judgment.

*Orders arising from the Case Management Teleconference*

We also write to advise of our client's position regarding the orders arising from the teleconference.

First, Uponor requested and was granted the issuance of a Confidentiality Order. We enclose a copy of that signed Confidentiality Order for your review. We recommend you seek legal advice on the application of this Order to your confidential documents from Finnish and Canadian legal counsel.

Now that there is a Confidentiality Order in place, we ask you to produce to us the agreements and all documents (emails, letters, faxes etc.) that are relevant to this action in accordance with the protection of the Confidentiality Order. We ask Crosslink to provide these documents to me at Gowlings at your earliest convenience, but no later than **March 1, 2012**.

Second, Judge Aalto directed the iNOEX defendants to bring a motion for default judgment seeking to dismiss the action as against the iNOEX defendants. The Court directed that iNOEX must submit its motion materials by February 3, 2012. It did, and although it is clear from the affidavit of Mr. Deters that Crosslink and iNOEX are communicating with each other, we enclose a copy of the motion for summary judgment for your records.

# gowlings

*Request for an Interview*

In addition to our request for documentary production and confirmation of our client's understanding that Crosslink opposes the production of the agreements referenced above, we seek to interview you, as a representative of Crosslink, about these matters informally by telephone.

We ask that you retain Canadian counsel to attend as Crosslink's representative. If interpreters are required, please advise and we will arrange for interpretation services to be available.

We are available on <u>Thursday, February 16, 2012 at 1:00 p.m. EST (8:00 pm Helsinki time) or Tuesday, February 21, 2012 at 2:00 p.m. EST (9pm Helsinki time)</u>, and anticipate the interview will be approximately 2 hours.

*Failure to Produce Documents*

On this issue, and as stated above, it is our client's understanding that you or a representative of Crosslink have refused to consent to the production of these agreements. Further, to date, Crosslink has deliberately chosen not to defend or participate in this action. From a tactical perspective, and in light of the Confidentiality Order in place, it appears that these actions are intended to ensure that our client does not have access to relevant documents which would assist our client with proving its case in this action.

It is our client's view that the agreements and documents referenced above are relevant to this action. If the documents are not produced to our client, and are deemed by the Court to be relevant documents, we will take the position that no party (except Uponor) can make submissions about documents, nor can any party dispute Uponor's evidence about the content of the documents which a party deliberately chooses not to produce.

If Crosslink fails to produce the documents requested above, or to attend for an interview as requested, Uponor will attend in Court to seek orders directing the disclosure and production of documents and evidence in accordance with the *Federal Courts Rules*.

# gowlings

Yours truly,

GOWLING LAFLEUR HENDERSON LLP

*[signature]*

p/ Heather C. Devine
Partner

HCD:JDB:ki

Encl.: Letter of October 17, 2011 to A. Heino; Affidavit of M. Deters; Notice of Motion of iNOEX;

cc: clients,
  Kent W. Jesse (via email)
  Bruce W. Stratton and Geoff Mowatt (via email)
  Federal Court (via email)

HAM_LAW\3503573