# EXHIBIT K

No. 11-cv-02034 (RMC)

# Federal Court



# Cour fédérale

May 1, 2009

## NOTICE TO THE PARTIES AND THE PROFESSION

## STREAMLINING COMPLEX LITIGATION

The management and expeditious disposition of complex actions can be facilitated not only by co-operation between litigants and their counsel, but by the effective use of the *Federal Courts Rules,* particularly those concerning case management.

The purpose of streamlining complex actions is to facilitate, where possible, the scheduling of trials within two years of the commencement of the proceeding.

This notice is the result of a recent initiative taken by the Court in intellectual property litigation, now being extended to all of the Court's practice areas. However, the practice guidelines in this notice remain subject to more specialized initiatives that may be established from time to time in consultation with practitioners in these different areas. In particular, one such initiative involves Practice Guidelines in aboriginal litigation, to be released shortly.

### *Requests for Case Management*
Parties and their counsel are reminded that case management is always available to them, preferably at the outset of a proceeding. This flexible framework allows the parties, with the case management judge, to tailor the procedure to ensure the most expeditious least expensive determination of the matter. Requests for case management are made by motion which may be submitted by letter.

### *Directions Regarding Discovery*
Parties and their counsel may seek an order for directions regarding discovery from a case management judge which, in accordance with best practices, may:

- require timely advance notice to the party to be examined of possible lines of questioning and documents sought to be produced.

- require timely production of documents in advance of the examination.

- permit discovery to be conducted both by written interrogatories and oral examination.

- fix time limits on discovery.

- make the case management judge available by telephone to make rulings during discovery; or, appoint, on consent, a neutral party to: a) attend the discovery and make rulings subject to review by the Court at the request of a party; or b) hear motions relating to questions refused subject to review by the Court at the request of a party; and,

- use technologies including common databases, litigation support programs and other aspects of modern technology to enhance document disclosure and use at trial.

Prior to the conduct of discovery, parties are encouraged to use the request for admissions provided for in Rules 255 and 256 to simplify the discovery of facts, documents and other non-controversial matters.

### *Directions Regarding Service by E-mail*
Parties may also seek an order for directions pursuant to Rule 147 allowing service by electronic mail.

### *Costs*
Parties are reminded that pursuant to Rule 400(3), in exercising its discretion under Rule 400(1) relating to costs, the Court may consider, among other things, any conduct of a party that tended to shorten or unnecessarily lengthen the duration of the proceeding.

### *Trial Dates*
At any point in a case managed proceeding, a party may request that a trial date be assigned. Where a party requests a trial date early in the action, the Court will endeavour, where possible, to have the action tried within two years of its commencement.

"Allan Lutfy"
Chief Justice
