# GROUP EXHIBIT 2

No. 11-cv-02034 (RMC)

Court File No. T-496-11

## FEDERAL COURT

BETWEEN:

### UPONOR AB.

Plaintiff

-and-

### HEATLINK GROUP INC. and PEXCOR MANUFACTURING COMPANY INC. and CROSSLINK FINLAND OY and INOEX GMBH and INOEX LLC

Defendants

## STATEMENT OF DEFENCE OF HEATLINK GROUP INC. and PEXCOR MANUFACTURING COMPANY INC.

### TO THE PLAINTIFF: UPONOR AB.

1. These Defendants admit the allegations contained in paragraphs 3, 7, 8, 10, 11 and 14 of the Statement of Claim.

2. These Defendants deny each and every other allegation as contained in the Statement of Claim.

3. The Claim advanced herein raises an issue identical to the claim advanced by Pexcor Manufacturing Company Inc. against Uponor AB as the Defendant in Federal Court Action T-374-11 ("Original Claim"). Both the Original Claim and this claim will require the Court to determine whether or not Pexcor Manufacturing Company Inc. infringes on any patents that are allegedly owned by Uponor AB. In that regard, these Defendants state that this claim should be consolidated with the Original Claim, and further state that the action be administered and tried in Calgary, Alberta.

4. These Defendants deny using any method for heating polymer materials with infrared radiation wherein wave lengths corresponding to the absorption peaks have been eliminated.

5. These Defendants deny doing each all of the activities which the Plaintiff claims infringe on their patent. These Defendants use distinctive technology separate from the technology contained in the Plaintiff's patents to heat polymer materials. They have their own proprietary method for heating polymer materials which method does not infringe upon any of the claims in the Plaintiff's patent.

6. Paragraphs 40 to 53 of the Statement of Claim do not form the basis of any claim advanced by the Plaintiff and should be striken from the claim.

6308062.1

- 2 -

7. The Defendants propose that this action be tried in Calgary, Alberta.

Dated: May 2ND, 2011

_____
MILLER THOMSON LLP
3000, 700 – 9th Avenue SW
Calgary, Alberta  T2P 3V4
Re: KENT W. JESSE
Tel: (403) 298-2400
Fax: (403) 262-0007
Solicitors for the Defendants

TO:        **The Administrator**
           Federal Court of Canada

AND TO:    **Heather C. Devine**
           Gowling Lafleur Henderson LLP
           One Main Street West
           Hamilton ON, L8P 4Z5
           Tel: (905) 540.3289
           Fax: (905) 523.2529
           Solicitors for the Plaintiff

6308062.1

Court File No. T-496-11

**FEDERAL COURT**

BETWEEN:

UPONOR AB

Plaintiff

- and -

HEATLINK GROUP INC. and
PEXCOR MANUFACTURING COMPANY INC.
and CROSSLINK FINLAND OY and INOEX GMBH and INOEX LLC

Defendants

**STATEMENT OF DEFENCE OF INOEX LLC**

1. Except where otherwise expressly admitted, the defendant iNOEX LLC ("iNOEX USA") denies each and every allegation of the statement of claim and puts the plaintiff to the strict proof of all allegations made.

2. iNOEX USA denies that the plaintiff is entitled to any of the relief claimed in paragraph 1 of the statement of claim.

3. iNOEX USA denies the allegations contained in paragraphs 9, 10, 12, 13, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 of the statement of claim.

4. iNOEX USA has no knowledge in respect of the allegations contained in paragraphs 3, 4, 7, 8, 11, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 and 53 of the statement of claim.

5. With respect to paragraphs 14, 15, 16, 17 and 18 of the statement of claim, Canadian Patent No. 2,232,376 (the "376 Patent") sets out the subject matter that is described and claimed therein.

- 2 -

6. iNOEX USA denies that it has used in Canada, or has induced or procured others to use in Canada, a process for heating a polymer material as described in paragraphs 20, 21, 29 or 31 of the statement of claim.

7. iNOEX USA denies that it has manufactured, constructed, imported, or used in Canada, or sold to others to be used in Canada, an apparatus for heating polymer material as described in paragraphs 23, 24, 25 or 30 of the statement of claim. In particular, iNOEX denies that it has sold any apparatus for heating polymer material to the defendants PexCor Manfucturing Company Inc. or HeatLink Group Inc., to be used in Canada or otherwise.

8. iNOEX USA denies that is has induced PexCor Manfucturing Company Inc. or HeatLink Group Inc. to infringe the 376 Patent.

9. iNOEX USA denies that it has used in Canada, or has induced or procured others to use in Canada, a process for reconditioning pipes as described in paragraphs 27 or 31 of the statement of claim.

10. iNOEX USA denies that it has manufactured, constructed, imported, or used in Canada, or sold to others to be used in Canada, composite tube or lining tube as described in paragraphs 28, 32 or 33 of the statement of claim.

June 7, 2011

*[signature]*
for DIMOCK STRATTON LLP
20 Queen Street West
32nd Floor, Box 102
Toronto, Ontario M5H 3R3
Canada

Bruce W. Stratton
Geoffrey D. Mowatt

Tel: (416) 971-7202
Fax: (416) 971-6638

Solicitors for the Defendant
iNOEX LLC

TO:  GOWLING LAFLEUR HENDERSON LLP
   One Main Street West
   Hamilton, Ontario L8P 4Z5

   Heather C. Devine

   Tel: (905) 540-3289
   Fax: (905) 523-2529

   Alex Ross

   Tel: (905) 540-3243
   Fax: (905) 523-2509

   Solicitors for the Plaintiff

AND TO: MILLER THOMSON LLP
   3000, 700 – 9th Avenue SW
   Calgary, Alberta
   T2P 3V4

   Kent W. Jesse

   Tel: (403) 298-2400
   Fax: (403) 262-0007

   Solicitors for the defendants
   Heatlink Group Inc. and Pexcor
   Manufacturing Company Inc.

Court File No. T-496-11

## FEDERAL COURT

BETWEEN:

UPONOR AB

Plaintiff

- and -

HEATLINK GROUP INC. and
PEXCOR MANUFACTURING COMPANY INC.
and CROSSLINK FINLAND OY and INOEX GMBH and
INOEX LLC

Defendants

**STATEMENT OF DEFENCE**

(Filed this 7th day of June, 2011)

DIMOCK STRATTON LLP
20 Queen Street West
32nd Floor, Box 102
Toronto, Ontario  M5H 3R3
Canada

Bruce W. Stratton
Geoffrey D. Mowatt

Tel: (416) 971-7202
Fax: (416) 971-6638

Solicitors for the Defendant
iNOEX LLC

Court File No. T-496-11

## FEDERAL COURT

BETWEEN:

### UPONOR AB

Plaintiff

- and -

### HEATLINK GROUP INC. and
### PEXCOR MANUFACTURING COMPANY INC.
### and CROSSLINK FINLAND OY and INOEX GMBH and INOEX LLC

Defendants

### STATEMENT OF DEFENCE OF INOEX GMBH

1.    Except where otherwise expressly admitted, the defendant iNOEX GmbH ("iNOEX Germany") denies each and every allegation of the statement of claim and puts the plaintiff to the strict proof of all allegations made.

2.    iNOEX Germany denies that the plaintiff is entitled to any of the relief claimed in paragraph 1 of the statement of claim.

3.    iNOEX Germany denies the allegations contained in paragraphs 9, 10, 12, 13, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 of the statement of claim.

4.    iNOEX Germany has no knowledge in respect of the allegations contained in paragraphs 3, 4, 7, 8, 11, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 and 53 of the statement of claim.

5.    With respect to paragraphs 14, 15, 16, 17 and 18 of the statement of claim, Canadian Patent No. 2,232,376 (the "376 Patent") sets out the subject matter that is described and claimed therein.

6.    iNOEX Germany denies that it has used in Canada, or has induced or procured others to use in Canada, a process for heating a polymer material as described in paragraphs 20, 21, 29 or 31 of the statement of claim.

7.    iNOEX Germany denies that it has manufactured, constructed, imported, or used in Canada, or sold to others to be used in Canada, an apparatus for heating polymer material as described in paragraphs 23, 24, 25 or 30 of the statement of claim. In particular, iNOEX denies that it has sold any apparatus for heating polymer material to the defendants PexCor Manfucturing Company Inc. or HeatLink Group Inc., to be used in Canada or otherwise.

8.    iNOEX Germany denies that is has induced PexCor Manfucturing Company Inc. or HeatLink Group Inc. to infringe the 376 Patent.

9.    iNOEX Germany denies that it has used in Canada, or has induced or procured others to use in Canada, a process for reconditioning pipes as described in paragraphs 27 or 31 of the statement of claim.

10.    iNOEX Germany denies that it has manufactured, constructed, imported, or used in Canada, or sold to others to be used in Canada, composite tube or lining tube as described in paragraphs 28, 32 or 33 of the statement of claim.

August 5, 2011

*[signature]*

DIMOCK STRATTON LLP
20 Queen Street West
32nd Floor, Box 102
Toronto, Ontario  M5H 3R3
Canada

Bruce W. Stratton
Geoffrey D. Mowatt

Tel: (416) 971-7202
Fax: (416) 971-6638

Solicitors for the Defendant
iNOEX GmbH

- 3 -

TO:      GOWLING LAFLEUR HENDERSON LLP
         One Main Street West
         Hamilton, Ontario L8P 4Z5

         Heather C. Devine

         Tel: (905) 540-3289
         Fax: (905) 523-2529

         Alex Ross

         Tel: (905) 540-3243
         Fax: (905) 523-2509

         Solicitors for the Plaintiff


AND TO:  MILLER THOMSON LLP
         3000, 700 – 9th Avenue SW
         Calgary, Alberta
         T2P 3V4

         Kent W. Jesse

         Tel: (403) 298-2400
         Fax: (403) 262-0007

         Solicitors for the defendants
         Heatlink Group Inc. and Pexcor
         Manufacturing Company Inc.

Court File No. T-496-11

## FEDERAL COURT

BETWEEN:

UPONOR AB

Plaintiff

- and -

HEATLINK GROUP INC. and
PEXCOR MANUFACTURING COMPANY INC.
and CROSSLINK FINLAND OY and INOEX GMBH and
INOEX LLC

Defendants

### STATEMENT OF DEFENCE
### OF INOEX GMBH

(Filed this 5th day of August, 2011)

---

DIMOCK STRATTON LLP
20 Queen Street West
32nd Floor, Box 102
Toronto, Ontario  M5H 3R3
Canada

Bruce W. Stratton
Geoffrey D. Mowatt

Tel: (416) 971-7202
Fax: (416) 971-6638

Solicitors for the Defendant
iNOEX GmbH

Court File No. T-496-11

**FEDERAL COURT**

BETWEEN:

UPONOR AB

Plaintiff

- and -

HEATLINK GROUP INC. and
PEXCOR MANUFACTURING COMPANY INC.
and CROSSLINK FINLAND OY and INOEX GMBH and INOEX LLC

Defendants

**NOTICE OF MOTION**

**TAKE NOTICE THAT**, the defendants iNOEX GmbH and iNOEX LLC will make a motion to the Court on «full date», at «time» or as soon thereafter as the motion can be heard, at the Federal Court, 180 Queen Street West, Toronto, Ontario.

**THE MOTION IS FOR:**

1. An Order for summary judgment dismissing this patent infringement action as against iNOEX GmbH and iNOEX LLC on the basis that there are insufficient facts to give rise to a finding that either iNOEX GmbH or iNOEX LLC have infringed or induced infringement of Canadian Patent No. 2,232,376, as alleged by the plaintiff in its statement of claim.

2. The costs of this motion on a solicitor and client basis.

3. Such further and other relief as this Court deems just.

**THE GROUNDS FOR THE MOTION ARE:**

1. The plaintiff, Uponor AB, commenced this patent infringement action against a number of defendants, including iNOEX GmbH or iNOEX LLC, alleging that each of the defendants "have infringed, have induced infringement of, and

continue to infringe and to induce infringement of" Canadian Patent No. 2,232,376 (the "376 Patent"). These allegations as they relate to iNOEX GmbH or iNOEX LLC were based solely on speculation that is unsupported by the facts.

2. As set out in paragraph 1(b) of the statement of claim, each of the plaintiff's allegations of infringement includes at least the use of infrared radiation to cross-link polymer material as an element of the alleged direct or indirect infringement. In particular, the plaintiff alleges that the Defendants have and continue to infringe and induce infringement through:

   a. "use of a process for heating a polymer material, comprising irradiation of said polymer material <u>with infrared radiation</u>…"

   b. "manufacture, construction, importation, use, and/or sale to others for their use, of apparatus for heating polymer material, comprising at least one zone with at least <u>one source of infrared radiation for irradiation of the polymer material with infrared radiation</u>…"

   c. "use of a process for reconditioning pipes, including introduction of a lining tube into the pipe which has a length corresponding to the part of the pipe which is to be reconditioned … the lining tube being <u>heated by means of infrared radiation</u> …" and

   d. "manufacture, construction, importation, use, and/or sale to others for their use, of composite tube comprising at least one outer layer, at least one intermediate layer, and an inner layer, said intermediate layer consisting of polyethylene, … said intermediate layer of polyethylene being uniformly cross-linked across the entire thickness of the outer layer <u>by infrared radiation</u> …"

3. The plaintiff has plead no particulars of direct infringement by either iNOEX defendant and there has been no direct infringement by either iNOEX defendant. The iNOEX defendants have not manufactured, constructed,

imported, used or sold to any party for use in Canada any infrared equipment for cross-linking polymers according to the 376 Patent.

4. There are also no facts to support the plaintiff's allegations of inducing and procuring infringement as against the iNOEX defendants. The iNOEX defendants are not aware of any such infrared equipment manufactured or supplied by either iNOEX defendant ever being present or used in Canada in the past or at this time.

5. The evidence on this motion is that the iNOEX defendants have not sold, leased or otherwise provided to any party in Canada any infrared equipment for cross-linking polymer material, so the iNOEX defendants could not have induced and procured any infringement by any of the other defendants in this action. Inducing and procuring infringement requires an act of direct infringement to have occurred arising from the alleged inducement and procurement. No such direct infringement can be causally linked to infrared equipment originating from either iNOEX defendant, so there can be no inducing and procuring infringement.

6. At paragraph 25 of the statement of claim, the plaintiff quotes from a 2008 press release of iNOEX GmbH that describes the use of infrared radiation to crosslink polymer material. Statements in a press release by the German company iNOEX GmbH have no causal connection to alleged direct or indirect infringement of the 376 Patent in Canada and the plaintiff has particularized no such causal connection. The quoted statement is insufficient to found an allegation of inducing and procuring patent infringement of the 376 Patent in Canada.

7. In its Reply in this action, the plaintiff quotes from iNOEX LLC's website and pleads that "iNOEX LLC advertises and publishes to the world on its website and in periodicals and/or magazines an agreement between iNOEX and Crosslink Finland Oy." To support this allegation, the plaintiff quotes from a article from *Plastics Technology* dated November 2007.

- 4 -

8. The evidence on this motion is that neither iNOEX defendant has had any agreement with any of the other defendants apart from old agreements with companies and an individual related to Crosslink Finland Oy. No equipment or technology was supplied to any Canadian recipient as a result of those agreements. Further, all relevant agreements with companies and an individual related to Crosslink Finland Oy were terminated, in writing, as of March 17, 2009. No equipment was manufactured and supplied to the Canadian market by either iNOEX defendant in association with the above agreements.

9. The above agreements are subject to confidentiality provisions. iNOEX GmbH has attempted to obtain the consent of the other parties to the above agreements to produce those agreements in this proceeding, however consent was refused.

10. The facts on this motion raise no genuine issue for trial in respect of the claim against iNOEX. There is no issue of law that requires a trial for determination.

11. iNOEX GmbH nor iNOEX LLC rely on rules 213 to 218 of the *Federal Court Rules*, SOR198-106.

12. Such further and other grounds as counsel may advise and this Honourable Court permits.

**THE FOLLOWING DOCUMENTARY EVIDENCE** will be used at the hearing of the motion:

1. The pleadings and proceedings herein;

2. The affidavit of Martin Deters sworn January 12, 2012; and

3. Such further and other materials as counsel may advise and this Honourable Court permits.

February 1, 2012

*Bruce Stratton* (signature)

DIMOCK STRATTON LLP
20 Queen Street West
32nd Floor, Box 102
Toronto, Ontario M5H 3R3
Canada

Bruce W. Stratton
Geoffrey D. Mowatt

Tel: (416) 971-7202
Fax: (416) 971-6638

Solicitors for the Defendants
iNOEX GmbH and iNOEX LLC


TO:   GOWLING LAFLEUR HENDERSON LLP
      One Main Street West
      Hamilton, Ontario L8P 4Z5

      Heather C. Devine

      Tel: (905) 540-3289
      Fax: (905) 523-2529

      Alex Ross

      Tel: (905) 540-3243
      Fax: (905) 523-2509

      Solicitors for the plaintiff


AND TO: MILLER THOMSON LLP
        3000, 700 – 9th Avenue SW
        Calgary, Alberta
        T2P 3V4

        Kent W. Jesse

        Tel: (403) 298-2400
        Fax: (403) 262-0007

Solicitors for the defendants
Heatlink Group Inc. and Pexcor
Manufacturing Company Inc.

Court File No. T-496-11

**FEDERAL COURT**

BETWEEN:

UPONOR AB

Plaintiff

- and -

HEATLINK GROUP INC. and
PEXCOR MANUFACTURING COMPANY INC.
and CROSSLINK FINLAND OY and INOEX GMBH and
INOEX LLC

Defendants

**NOTICE OF MOTION**

DIMOCK STRATTON LLP
20 Queen Street West
32nd Floor, Box 102
Toronto, Ontario M5H 3R3
Canada

Bruce W. Stratton
Geoffrey D. Mowatt

Tel: (416) 971-7202
Fax: (416) 971-6638

Solicitors for the Defendant
iNOEX GmbH and iNOEX LLC