## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEXCOR MANUFACTURING COMPANY INC., )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>UPONOR AB, )<br>)<br>Defendant/Counter-Plaintiff. )<br>)<br>)<br>UPONOR AB, )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>HEATLINK GROUP, INC., )<br>)<br>Third Party Defendant. ) | Case No.:   11-cv-02034-RMC<br><br>Honorable Judge Rosemary M. Collyer |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN OPPOSITION TO UPONOR AB'S MOTION TO STAY

Plaintiff/Counter-Defendant, Pexcor Manufacturing Company, Inc. ("Pexcor") and Third Party Defendant HeatLink Group, Inc. ("HeatLink"), by their attorneys, respectfully submit this Response in Opposition to Uponor AB's ("Uponor") Motion to Stay.

### I.   INTRODUCTION

Uponor has moved this court to invoke the doctrine of international abstention and stay this action pending resolution by a Canadian court of a pending action to determine whether or not there has been infringement in Canada of a Canadian patent. However, the pending action in Canada will not decide whether or not there has been patent infringement in the United States,

1

and does not involve the U.S. Government-issued U.S. patent.  Indeed, as Uponor itself admits, "the Canadian court cannot adjudicate U.S. patent rights."  Uponor's Motion to Stay, Dkt. No. 8, p. 13.

By law, United States federal courts have *exclusive* jurisdiction over United States patent claims.  28 U.S.C. § 1338.  Moreover, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colorado River Water Conser. Dist. v. United States*, 424 U.S. 800, 817 (1976).  Thus, this Court should not abstain from exercising its exclusive jurisdiction over the parties' U.S. patent claims in favor of a Canadian court that has no authority to adjudicate U.S. patent rights.

Even if this case did not involve subject matter that is the exclusive domain of the U.S. courts, it is well-established that the international abstention doctrine is only to be used in "exceptional circumstances" where it would "clearly serve an important countervailing interest." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).  "When a district court decides to dismiss or stay under [the abstention doctrine], it presumably concludes that the parallel . . . litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.  **If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all**." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 28 (U.S. 1983) (emphasis added).

Here, Uponor has failed to demonstrate any exceptional circumstances that would justify this Court's surrender of its exclusive patent jurisdiction.  The U.S. and Canadian proceedings are two distinct actions that involve two distinct patents issued by two different nations, and which are governed by different laws and will be construed utilizing different legal precedents applied in different forms of legal proceedings.  Further, as Uponor admits, the Canadian

2

litigation is not "an adequate vehicle for the complete and prompt resolution" of the U.S. patent claims. *Id.*; Uponor's Motion to Stay, Dkt. No. 8, p. 13. Thus, the international abstention doctrine has no application to this case, and this Court should deny Uponor's Motion to Stay.

## II.     FACTUAL BACKGROUND

Uponor alleges it is the owner of United States Patent No. 6,106,761 (the "U.S. Patent") and Canadian Patent No. 2,232,376 (the "Canadian Patent"). On January 18, 2011, counsel for Uponor sent a letter to Pexcor and HeatLink alleging infringement of both the U.S. Patent and the Canadian Patent. On March 3, 2011, in response to Uponor's letter, Pexcor filed a declaratory judgment action against Uponor in the Northern District of Illinois for non-infringement, invalidity and unenforceability of the U.S. Patent (Case No. 11-cv-01514). The Northern District of Illinois action was later re-filed by agreement of the Parties in this Court (the "U.S. Action"). On March 4, 2011, Pexcor filed a separate declaratory judgment action against Uponor in the Federal Court of Canada in Calgary, Alberta, Canada (Court No. T-374-11) for non-infringement, invalidity and unenforceability of the Canadian Patent.

On March 24, 2011, in response to Pexcor's lawsuits, Uponor filed an action against Pexcor, HeatLink, Crosslink Finland Oy, iNOEX GmbH and iNOEX LLC in the Federal Court of Canada in Toronto, Ontario, Canada (Court No. T-496-11) for infringement of the Canadian Patent (the "Canadian Action"). Because the two separate Canadian lawsuits involve the same Canadian Patent, the Canadian court has decided to move forward with the Toronto action and stay the Calgary action.

The U.S. Action was filed before the Canadian Action. In the U.S. Action, Uponor has filed an Answer, a Counterclaim against Pexcor and a Third Party Complaint against HeatLink for infringement of the U.S. Patent. Contemporaneously herewith, Pexcor and HeatLink filed

3

Answers to Uponor's Counterclaim and Third Party Complaint, and HeatLink filed a Counterclaim for Declaratory Judgment against Uponor.

In the Canadian Action, the parties have filed Statements of Defense (the equivalent of an Answer) and the court has conducted several Case Management Conferences. Pleadings have not yet closed in the Canadian Action, document production has just begun, and the parties have taken no oral examinations for discovery (the equivalent of a deposition). Further, no trial date has been set in the Canadian Action, and the earliest date that the case could be scheduled for trial is not until the end of 2014. In fact, Uponor itself requested that the court in the Canadian Action set a trial date in the third or fourth quarter of 2014, but no trial date was set, and the schedule requested by Uponor was not implemented. *See* August 29, 2012 letter from Uponor's counsel to the Canadian court, attached as Exhibit A.

### III.   ARGUMENT

#### A.   The Facts of This Case Do Not Warrant Application of the International Abstention Doctrine

This case involves the alleged infringement of a U.S. patent, which is within the exclusive jurisdiction of the U.S. federal courts. 28 U.S.C. § 1338. Where a federal court has exclusive jurisdiction over a claim, "abstention would run counter to Congress' determination, reflected in grants of exclusive federal jurisdiction, that federal courts should be the primary fora for handling such claims. The grant of such jurisdiction could be seriously hampered if federal courts exercised discretionary power to await the outcome of related . . . proceedings." *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 63 (2d Cir. 1986).

Further, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 14. In fact, federal courts have a "**virtually unflagging obligation** . . . to exercise the jurisdiction given them." *Colorado River Water*

*Conser. Dist. v. United States*, 424 U.S. 800, 817 (1976) (emphasis added). A court should avoid exercising its jurisdiction only in a few "extraordinary and narrow" circumstances. *Id*. at 817-18.

Uponor has not – because it cannot – cite to any patent infringement cases in which the court abstained from the exercise of U.S. federal jurisdiction. Uponor's misguided argument relies on non-patent cases which do support its plea that this Court should surrender its exclusive patent jurisdiction. Uponor further has failed to meet its burden of demonstrating exceptional circumstances that would overcome this Court's obligation to exercise its jurisdiction. *See Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir. 1985) (the "burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction"). Thus, Uponor's Motion to Stay should be denied.

### B. The Canadian Action is Not a "Parallel" Action

Uponor has not satisfied the threshold requirement necessary to prove that a court should consider abstaining from exercising its jurisdiction: that the U.S. and the Canadian Actions are "parallel." *See Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). A suit is parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). Significantly, to qualify as "parallel" litigation, the case in the alternate forum must be "an **adequate vehicle for the complete and prompt resolution** of the issues between the parties." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) (emphasis added); *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 575, 578 (D. Del. 2005) ("Parallelism turns on whether the [alternate] litigation will dispose of all of the claims raised in the federal case."). Any "dissimilarity of parties and issues weigh strongly against invoking abstention." *Alliance of American Insurers*, 854 F.2d 591, 603 (2d Cir. 1988).

In the present case, the U.S. and Canadian Actions are not parallel. Indeed, Uponor admits that "the Canadian court cannot adjudicate U.S. patent rights." Motion to Stay, Dkt. No. 8, p. 13. As a result, the Canadian Action admittedly cannot be an adequate vehicle for the **complete** resolution of the U.S. action. This admission alone is sufficient to undermine Uponor's arguments that the actions are parallel, and should end the analysis.

Even if the other factors are considered, Uponor's motion must fail. First, the parties involved in the two cases are not the same. As Uponor notes in its Motion to Stay, the parties to the present case are Uponor, Pexcor and HeatLink, whereas the Canadian Action includes Uponor, Pexcor, HeatLink, Crosslink Finland Oy, iNOEX GmbH and iNOEX LLC. *See* Motion to Stay, Dkt. No. 8, p. 6. Uponor glosses over this issue by arguing that Pexcor and Uponor are the principal parties in both matters, but the fact remains that there are numerous additional parties engaged in the Canadian Action. Thus, the parties adverse to Uponor in the Canadian Action and the U.S. Action are not substantially the same, and the actions are not parallel for purposes of the international abstention doctrine.

Second, the causes of action in the two cases are not substantially the same. Two different patents are involved in the U.S. and Canadian Actions – a U.S. patent and a Canadian

patent. Although the patents cover similar technology, the claims of each patent are different.[1] Because the present lawsuit involves U.S. patent claims that fall exclusively within the jurisdiction of the U.S. federal courts, this action is not, and cannot be, parallel to a Canadian proceeding. Claims involving infringement of a U.S. patent cannot be litigated anywhere but in a U.S. court, and a stay of this action will merely postpone the inevitable course of litigation that this case must run. *See Linear Products, Inc. v. Marotech, Inc.*, 189 F. Supp. 2d 461, 466 (W.D. Va. 2002).

Thus, despite any superficial similarities between this action and the Canadian action, the Canadian proceeding would not dispose of *any* of the legal claims presented in the U.S. proceeding. *See Truserv Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005). Further, because the cases are not parallel, the international abstention doctrine does not apply to this case and Uponor's motion should be denied.

---

[1] For example, claim 1 of the U.S. Patent reads:

> "Process for heating a polymer material, comprising irradiation of said polymer material with infrared radiation, wherein the wave lengths corresponding to the absorption peaks for the polymer material in respect of infrared radiation have been eliminated in the infrared radiation irradiating the polymer material."

In contrast, claim 1 of the Canadian Patent reads:

> "Process for heating polymer materials, comprising irradiation of said polymer materials with infrared radiation, characterized in that the infrared radiation has wave lengths which substantially differ from the absorption peaks of the polymer material in respect of infrared radiation."

A redline comparing the U.S. claim language to the Canadian claim language is shown below:

> "Process for heating a_polymer materialsmaterial, comprising irradiation of said polymer materialsmaterial with infrared radiation, characterized in that the infrared radiation haswherein the wave lengths which substantially differ fromcorresponding to the absorption peaks offor the polymer material in respect of infrared radiation have been eliminated in the infrared radiation irradiating the polymer material."

### C. Even if the Cases were Deemed to be Parallel, the Remaining Factors Necessary to Support Abstention are Lacking

Because the international abstention doctrine cannot be applied to situations where two cases are not "parallel," this court need not balance the several factors set forth in *Colorado River Water Conser. Dist. v. United States*, *supra*. As observed by the *Truserv* court, because the U.S. Action and the Canadian Action are not parallel, this Court need not balance any other factors to determine whether abstention is appropriate. However, even if the cases were parallel, the balance of the abstention factors is "heavily weighed in favor of the exercise of jurisdiction." *See, Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The factors relevant to the determination of foreign abstention include: 1) the similarity of parties and issues involved in the foreign litigation; 2) the promotion of judicial efficiency; 3) the adequacy of relief available in the alternative forum; 4) issues of fairness and convenience of the parties, counsel and witnesses; 5) the possibility of prejudice to any of the parties; and 6) the temporal sequence of the filing of the actions. *See Goldhammer et al. v. DD UK, LTd.*, 59 F. Supp. 2d 248, 252-53 (D. Mass. 1999). As demonstrated below, an assessment of these factors confirms that the present action should not be stayed.

#### i. The similarity of the parties and issues weighs heavily against a stay.

The first factor – the similarity of the parties and issues – was addressed above. Simply put, the parties and issues are not substantially similar. The Canadian action involves several additional defendants and a different patent, which will be evaluated according to Canadian law. Thus, this factor weighs heavily in favor of denying Uponor's Motion to Stay.

#### ii. The promotion of judicial efficiency does not call for this Court to relinquish jurisdiction.

Uponor argues that a stay of this action would conserve this Court's time and resources. However, resolution of the Canadian action will not dispose of the present action. As Uponor

admits, only a U.S. court, applying U.S. law, can determine infringement of the U.S. Patent. Thus, this Court will have to go through the entire litigation process to determine the merits of the U.S. Action, even if the Canadian Action is resolved before this case is resolved. Moreover, the Canadian Action has not progressed any further than the U.S. Action, and there is nothing to indicate that the Canadian Action will be resolved before the U.S. Action. Any stay in this case would last almost two years, at a minimum. This Court is not only in the best position to promote a full and timely resolution of the U.S. Action based on the U.S. Patent, it is the only court that can provide full resolution.

Moreover, the cases cited by Uponor in support of its judicial economy argument are distinguishable from the present case. First, none of the cases cited by Uponor in its Motion to Stay are patent cases. As U.S. patent claims are within the *exclusive* jurisdiction of U.S. federal courts, any cases involving matters where the U.S. court had concurrent jurisdiction with another court are inapplicable to this case. For example, the *Finova Capital Corp. v. Ryan Helicopters USA, Inc.* case cited by Uponor involved the exercise of diversity jurisdiction in a contractual dispute, which the Seventh Circuit noted did not raise "particular concerns over the ability of the foreign court to protect [Plaintiff's] substantive rights." 180 F.3d 896, 900 (7th Cir. 1999). In contrast, the subject matter of this case is within the exclusive jurisdiction of the federal courts; the Canadian court has no ability to protect the parties' substantive rights related to a U.S. patent. Likewise, *EFCO Corp. v. Aluma Systems, USA* involved state law claims of conversion, breach of fiduciary duty, unjust enrichment and violation of trade secrets, not patent claims. 983 F. Supp.816, 818 (S.D. Iowa 1997).

Unlike state law contract and conversion claims, the patent issues in dispute in this case cannot be adjudicated by a Canadian court. Thus, a stay of this case will only prolong a final determination of the parties' U.S. patent claims, not promote judicial efficiency.

### iii.   The Canadian court cannot provide adequate relief in the U.S. action.

The third factor – the adequacy of relief available in the alternative forum – weighs heavily in favor of denying a stay of this case. As Uponor readily admits, "the Canadian court cannot adjudicate U.S. patent rights." Uponor's Motion to Stay, Dkt. No. 8, p. 13. Despite admitting this, Uponor illogically argues that "this is a Canadian-based dispute," and that "once the Canadian case is decided, this case will likely be over too" because of the similarity of the actions. *Id.* at 11, 13. However, two different patents are involved in this dispute, the U.S. Patent and the Canadian Patent, each of which must be interpreted according to the national laws of the U.S. and Canada, respectively. Because the patent laws and practices of the U.S. and Canada are different, the Canadian court's findings cannot be applied wholesale to determine infringement, validity and enforceability of the U.S. Patent.[2]

Furthermore, in a case quite similar to the present action, *Linear Products, Inc. v. Marotech, Inc.*, 189 F. Supp. 2d 461 (W.D. Va. 2002), Linear had filed suit against Marotech in the Western District of Virginia for infringement of a U.S. patent. Marotech moved for a stay of the Virginia action pending the ongoing trial of an earlier filed Canadian action on a "substantially similar" Canadian patent. *Id,* at 463. In denying the defendant's motion to stay, the court emphasized the fact that no single document governed the issues litigated in both the U.S. and Canadian actions. *Id.* at 465-66. Specifically, there were two patents – the Canadian

---

[2] In fact, the inapplicability of the Canadian court's findings to the U.S. case is demonstrated by the parties' inability to reach a settlement agreement in this case despite months of negotiations. The parties' proposed agreement involved resolving the parties' U.S. patent claims based on the outcome of the Canadian proceeding. However, the parties ultimately decided that no such agreement could be reached.

patent and the U.S. patent – each of which had a "separate territorial effect governed by different sovereign's statutes and rules of validity." *Id.* at 466. "Even if [the] Court granted deference to the Canadian court's interpretation of the Canadian Letters Patent, it [would be] far from certain that the same interpretation would be consistent with Unites States' statutes and policies if applied to the United States' Patents." *Id.* As the *Linear Products* court makes clear, the Canadian court cannot provide adequate relief for the U.S. action because different rules govern the two patents, and the Canadian court's interpretation may not be consistent with U.S. laws. *See also Photothera, Inc. v. Oron*, 2009 U.S. Dist. LEXIS 22709, *23 (S.D. Cal. Mar. 19, 2009) (denying a motion to stay and finding that "[i]n this case, the proceedings in Israel will not end litigation of the issues raised [by Plaintiff] because Plaintiff seeks a declaration of non-infringement of the two U.S. patents …, a matter for resolution exclusively by a United States federal court"); *Aerotel, Ltd. v. IDT Corp.*, 486 F. Supp. 2d 277, 285 (S.D.N.Y. 2007) (denying a stay pending resolution of foreign patent litigation because "[e]ven were both proceedings against the same defendants based on the same actions, the different patents and different legal standards would prevent this Court from giving effect to a decision by the foreign court and would be grounds for denying the stay.").

For instance, Canadian law is inconsistent with the parties' rights to have their claims tried by a jury in the U.S. The Seventh Amendment to the United States Constitution guarantees civil litigants a right to a jury. U.S. Constitution, Amendment VII. However, in Canada, the Courts of Justice Act "makes clear that a judge may order that an action be tried without a jury," and, in fact, the Canadian Action would be decided by a judge, not a jury. WATSON & MCGOWAN, ONTARIO CIVIL PRACTICE COMMENTARY CJA 108, Ministry Comment (2001) (attached as Exhibit B); Courts of Justice Act, § 108(3) (attached as Exhibit C). Where

fundamental rights are denied in foreign jurisdictions, abstention is inappropriate.  *See Waterman Steamship Corp. v. Chubb & Son, Inc.*, Case No. 93-2820, 1994 U.S. Dist. LEXIS 1645 (E.D. La. 1994) (refusing to abstain where an alternate foreign action did not provide the plaintiff a substantive right to which it was entitled in the U.S.).  Moreover, other differences in the patent procedures of Canada – like the lack of a Markman-type hearing and file wrapper estoppel – mean that the Canadian court will be unable to provide adequate relief.  In light of the differences in U.S. and Canadian laws and practices, and the inability of the Canadian court to provide relief, the adequacy of relief factor weighs heavily against staying this case.

### iv.   Any alleged inconvenience of this forum does not warrant a stay.

Uponor submits that "this is a Canadian-based dispute," and, therefore, argues that this forum is less convenient than the Federal Court of Canada for the adjudication of this dispute.  Uponor's Motion to Stay, Dkt. No. 8, p. 11.  However, the connection between this dispute and the United States is indisputable.  Uponor's contention ignores the fact that this case is based upon allegations of infringement taking place inside of the United States and arises solely under U.S. patent law.

In seeking dismissal of an initial case that had been filed in Illinois, Uponor agreed that the case should be re-filed here, in the District of Colombia.  Uponor cannot escape litigation in the District of Columbia simply because it now claims this forum to be inconvenient – especially since it offers no alternative forum anywhere in the U.S.

Pexcor, HeatLink and Uponor are already litigating this case in the District of Columbia, demonstrating that litigating in this district is both appropriate, and not an undue inconvenience.  Moreover, Uponor's statements about the importance of the parties' locations and the location of facilities in Canada are gravely overstated.  First, Uponor is a Swedish company, and Canada is

12

no more convenient for Uponor than the District of Columbia. Second, most of the defendants in the Canadian case, such as Crosslink Finland Oy and iNOEX LLC, are not accused of infringement in the U.S., so the convenience of this jurisdiction for them is irrelevant. Lastly, "the conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 574 (2d Cir. 1996).

Additionally, Uponor's reliance on *Groeneveld Transport Efficiency, Inc. v. Eisses* is inapplicable here. Case No. 1:07cv1298, 2007 U.S. Dist. LEXIS 68965 (N.D. Ohio Sept. 13, 2007). The claims in *Groeneveld* involved breach of a corporate officer's fiduciary duties, and all of the actions giving rise to the U.S. lawsuit took place in Canada; which prompted the Court to grant the defendant's motion to stay the U.S. case based on the pending Canadian litigation. Again, Uponor improperly attempts to rely on a case that has nothing to do with patent law. In contrast to the situation in *Groeneveld*, the actions giving rise to the legal claims under the U.S. patent took place in the U.S.

Despite Uponor's assertion in its Motion to Stay that this dispute has little to no connection to the United States, Uponor has alleged that the parties and actions involved in this dispute are based in the United States. For example, the following allegations are made in Uponor's Counterclaim and Third Party Complaint for Patent Infringement:

> "8. Uponor is an intellectual property holding company having related entities involved in the manufacture of polymer pipes, tubing, and other products for plumbing and hydronic industries throughout the world, **including the United States**. . . .
>
> 10. Pexcor is involved in the manufacture of pipes and other polymer products using a process and apparatus that infringe upon the '761 Patent. HeatLink is involved in the importation, distribution and sale of products **into and**

13

> **throughout the United States** that were manufactured by Pexcor using the infringing process and apparatus and, as such, is liable as an infringer under 35 U.S.C. §271(g)."

Dkt. No. 7, p. 10 (emphasis added).

Uponor should not be permitted to accuse Pexcor and HeatLink of violating U.S. patent laws by making, importing, offering for sale, selling and distributing infringing products in the U.S. and, at the same time, assert that the Canadian court is more convenient because this case has no connection to the United States. Based on Uponor's own allegations, it is clear that this Court is the appropriate forum to adjudicate alleged infringement of the United States patent at issue and involving actions that allegedly took place in the United States.

### v. The parties will be prejudiced by a stay of this action.

Staying this action would deny Pexcor and HeatLink the right to have their U.S. claims redressed in a timely and appropriate fashion – which is why Pexcor filed this action for declaratory judgment in the first place.[3] Moreover, staying this case for such a lengthy time period would eviscerate the protections and purpose of the declaratory judgment action filed by Pexcor. This Court certainly is capable of applying U.S. patent law, and the parties would be prejudiced if their U.S. patent claims were determined by a Canadian court applying a different legal standard to a different patent. In contrast, there would be no unfair prejudice to the parties by requiring them to appear before a United States District Court to support or defend against claims here. In view of the probable prejudice resulting from a stay of this action, this factor weighs in favor of continuing the present action.

---

[3] The delay resulting from the parties' prior requests for extensions of time were used in a good-faith effort to move the case forward towards a settlement. In contrast, staying this case based on the pending Canadian litigation would simply postpone the inevitable course that this litigation must run, without making progress towards a resolution.

> **vi. The temporal sequence of the filing of the lawsuits weighs against a stay.**

Despite Uponor's assertion that the temporal sequence of the U.S. and Canadian filings should be disregarded, the fact remains that the U.S. action was filed first. Uponor admits that "it is true that Pexcor filed a lawsuit against [Uponor] in the United States before filing in Canada," but suggests "this factor should be given little, if any, weight." Uponor's Motion to Stay, Dkt. No. 8, p. 14. However, "[w]hen the foreign action is pending and not decided, comity advises that priority go to the suit filed first." *John Hopkins Health Sys. Corp. v. Al Reem Gen. Trading & Co.'s Rep. Est.*, 374 F. Supp. 2d 465, 473, n.7 (D. Md. 2005). Because the U.S. action was filed before the Canadian action, this factor weighs against a stay of this case.

## IV.    CONCLUSION

As Uponor has failed to satisfy its burden of proving that this matter should be stayed, Pexcor and HeatLink respectfully request that the Court deny Uponor's Motion to Stay.


Dated: January 17, 2013.

                                                Respectfully submitted,

                              By:    /s/ Joseph D. Lewis
                                       Joseph D. Lewis
                                       (DC Bar # 293415)
                                       BARNES & THORNBURG LLP
                                       1717 Pennsylvania Avenue, NW
                                       Washington, DC  20006
                                       Phone:  (202) 289-1313
                                       Fax:  (202) 289-1330
                                       Email:  joe.lewis@btlaw.com

                                       Attorneys for Plaintiff/Counter-Defendant, Pexcor Manufacturing Company, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2013, a copy of the foregoing PLAINTIFF'S RESPONSE TO UPONOR AB'S MOTION TO STAY was filed electronically. Notice of this filing will be sent to the following attorneys by operation of the Court's electronic filing system, and, to those parties not receiving such notice, by U.S. Mail from 1717 Pennsylvania Avenue, NW, Washington, DC 20006. Parties may access this filing through the Court's system.

Joseph M. Vanek
John Bjork
VANEK, VICKERS & MASINI, P.C.
55 West Monroe St.
Suite 3500
Chicago, Illinois 60603

  /s/ Joseph D. Lewis
Joseph D. Lewis

CHDS01 797863