

montréal · ottawa · toronto · hamilton · waterloo region · calgary · vancouver · moscow · london

August 29, 2012

**Paul V. Lomic**
Direct 905-540-3265
Direct Fax 905-523-6819
paul.lomic@gowlings.com
File No. H165676

VIA EMAIL: CMT_TORONTO@CAS-SATJ.GC.CA

Case Management Team
Federal Court
180 Queen Street East, second floor
Toronto, ON  M5V 3L6

Dear Administrator:

Re:   Uponor AB v. Heatlink Group Inc. et al., Court File No. T-496-11

We are solicitors for the plaintiff, Uponor AB, in *Uponor AB v. Heatlink Group Inc.* et al., Court File No. T-496-11 (the "Uponor Action"). Please bring this letter to the attention of Prothonotary Aalto, the Case Management Judge appointed in this matter.

We are writing regarding the case management conference on September 4, 2012 where we will be requesting that the Court endorse the enclosed draft scheduling order and set a trial date in the 3rd and 4th quarter of 2014 in accordance with the Court's practice direction dated May 1, 2009.

The plaintiff would like to discuss on September 4, 2012 the appropriate steps to streamline the action to ensure a trial date in 2014.

Yours truly,

GOWLING LAFLEUR HENDERSON LLP

Paul V. Lomic
Associate

PVL:ki

Encl. Draft scheduling order

cc:   clients
    **David Reive** (*via email*) counsel for Defendants, Pexcor Manufacturing Company Inc. and Heatlink Group Inc.
    **Bruce W. Stratton** (*via email*) counsel for Defendants INOEX GMBH and INOEX LLC
    **James Swanson** (*via email*) counsel for Defendants Crosslink Finland Oy

HAM_LAW\ 382576\2

Gowling Lafleur Henderson LLP · Lawyers · Patent and Trade-mark Agents
One Main Street West · Hamilton · Ontario · L8P 4Z5 · Canada  T 905-540-8208  F 905-528-5833  gowlings.com

Court File T- 496-11

## FEDERAL COURT

Toronto, Ontario, this          day of, September, 2012

BETWEEN:

### UPONOR AB

Plaintiff

- and -

### HEATLINK GROUP INC. and
### PEXCOR MANUFACTURING COMPANY INC.
### and CROSSLINK FINLAND OY and INOEX GMBH and INOEX LLC

Defendants

### DIRECTION

**UPON THE DIRECTIONS** of Case Management Judge Aalto, arising from the Case Management Conference call with all of the parries held on September 4, 2012 and pursuant to Rule 385(1)(a) and upon being satisfied the Direction should be made;

**THIS COURT DIRECTS THAT:** The following timetable for the completion of the next steps in the litigation:

1. October 10, 2012: the counterclaim by Pexcor must be served.

2. November 10, 2012: Any reply and defence to counterclaims by any party will be served within 30 days in accordance with Rules 192(1) and (2) of the *Federal Courts Rules*.

3. November 24, 2012: the pleadings shall close.

HAM_LAW\ 382449\4

4. December 24, 2012, the parties shall exchange affidavits of documents within 30 days after the close of pleadings in accordance with Rule 223 of the *Federal Courts Rules*.

5. January 31, 2013: Examinations for discovery shall be completed.

6. January 31, 2013: The parties shall discuss settlement in accordance with Rule 257 of the *Federal Courts Rules*.

7. March 31, 2012: A party or person examined on discovery fails to answer the question if they have not provided the answers to undertakings and answers or refusals to questions taken under advisement from the examinations for discovery.

8. April 15, 2013: The parties will exchange question charts for any further answers motions in MS Word format setting out the moving party's position as to why each question should be answered.

9. April 30, 2013: Each party shall serve the chart in Direction 8 above with the party's responding position. Thus the chart will contain the questions asked and each party's respective position on same. Each party will then serve and file their respective Notices of Motion with the completed charts.

10. May 15, 2013: The parties shall file a joint compendium of:
    (a) The pleadings and relevant orders respecting the motions to compel;
    (b) Any relevant documents for the motions to compel; and
    (c) Case law for the motions specific to the motions. The case law should not canvas known discovery principles, etc.

11. After the filing of the joint compendium and before the hearing of the motions the parties will set a date and time to meet in person to try to resolve the parties' motions or to narrow the scope of same.

12. June/July 2013: the motions to compel shall be heard, subject to the availability of the Court.

13. Within 30 days of the disposition of the parties' motion(s) to compel, the parties shall provide the answers and documents ordered.

14. Within 30 days of Direction 13, the parties shall complete any continued discovery on the answers and documents provided in Direction 13.

15. Within 30 days of Direction 14: A party or person examined on the continued discovery fails to answer the question if they have not provided the answers to undertakings and answers or refusals to questions taken under advisement from the continued examination for discovery.

16. Within 60 days of Direction 15, if necessary, any motions to compel answers from the continued discovery shall be heard subject to the availability of the Court. The parties shall adopt the process from Directions 8, 9, 10 and 11 for any motions.

17. Within 30 days of the disposition of the parties' motion(s) to compel in Direction 16, the parties shall provide the answers and documents ordered.

18. Within 30 days of Direction 17, the Plaintiff shall serve its expert report on the infringement and liability issues;

19. Within 60 days of Direction 18, the Defendants shall serve their expert reports on the invalidity issues;

20. Any rebuttal expert reports shall be served within 30 days of Directions 18 and 19.

21. Any reply expert reports shall be served within 30 days of Direction 20.

22. Within 30 days of Direction 21, the Plaintiff shall request a pre-trial conference;

23. With 60 days of Direction 22, the pre-trial conference shall be held at a date and time fixed by the Court in accordance with Rule 259 of the *Federal Courts Rules*.

24. The Judicial Administrator shall immediately requisition a trial date not to exceed ten (10) days anytime in the third or fourth quarter of 2014, or otherwise as the Court may have availability.

25. Any deadline in this Direction may be extended on filing a consent of all the parties with the Court. If all parties do not consent to extending a deadline in this Direction an application can be made to the Case Management Judge seeking the extension of time. The Case Management Judge may convene a telephone conference with all parties to consider the request for the extension of time.

_____

Prothonotary K. Aalto
