Case 1:11-cv-02034-RMC   Document 21-2   Filed 01/17/13   Page 1 of 2

Watson & McGowan, Ontario Civil Practice

Michael McGowan

Garry D. Watson, Q.C.

© Thomson Reuters Canada Limited or its Licensors (excluding individual court documents). All rights reserved.

Courts of Justice Act Commentary
Part VII — Court Proceedings
Procedural Matters
108 — Jury trials

**108 — Jury trials**

**CJA 108 — Ministry Comment**

*See s. 108.*

*Original Act*

Subsection (1) replaces s. 59 of the *Judicature Act*. It states the general principle that most actions in the Ontario Court excluding the Small Claims Court may be tried with a jury. The Act does not make jury trials mandatory for actions of libel, slander, malicious arrest, malicious prosecution, and false imprisonment. Like other actions, these actions may be tried with a jury if a jury notice is served under the Rules.

Subsection (2) prohibits jury trials against municipalities, in the same way that s. 15 of the *Proceedings Against the Crown Act*, R.S.O. 1980, c. 393, prohibits jury trials against the provincial government.

Subsection (3) makes clear that a judge may order that an action be tried without a jury.

Subsection (4) is a new provision intended to serve as a bridge between subss. (2) and (3), which deal with the circumstances in which proceedings are tried without a jury, and the remaining provisions of the section, which deal with proceedings tried with a jury.

Clause (5)(a) is derived from s. 64 and s. 65(1) of the *Judicature Act*. There appears to be no difference between a special verdict and the giving of answers to specific questions. Therefore, the new provision does not mention special verdicts. At common law, a jury could give a general verdict even if the judge requested a special verdict. The new provision, like s. 64(1) of the *Judicature Act*, permits the judge to require answers to specific questions. Section 15 of the *Libel and Slander Act*, R.S.O. 1980, c. 237, permits a jury to give a general verdict notwithstanding that the judge addressed specific questions to them. This specific provision will continue to prevail over the provisions of s. 121(5)(a) of the *Courts of Justice Act*.

Clause (5)(b) is derived from s. 65(3) of the *Judicature Act*. Subsection (6) is derived from s. 62 of the *Judicature Act*. Subsections (7) and (8) are derived from s. 63 of the *Judicature Act*.

Subsection (9) is derived from s. 65(2) of the *Judicature Act*. This provision is necessary to overrule the decision of the Supreme Court of Canada in *Beach v. Healey*, [1943] S.C.R. 272, [1943] 2 D.L.R. 665.

Subsection (10) replaces s. 66 of the *Judicature Act*. The new provision alters the law, as recommended by the Uniform Law Conference of Canada in s. 187 of the *Uniform Evidence Act*, so that the trier of fact determines whether there was reasonable and probable cause for instituting the prosecution.

*1989 Amendments*

*Bill 2*

Section [108(2)] of the 1984 Act was derived from s. 60(4) of the *Judicature Act*, which provided that the right to have issues of fact tried or damages assessed by a jury did not apply "to causes, matters or issues over the subject of which the Court of Chancery had exclusive jurisdiction before the commencement of *The Administration of Justice Act of 1873*." Section [108(2)] was intended to indicate more clearly the substance of the *Judicature Act* provision. However, s. [108(2)] inadvertently changed one aspect of the law. It had formerly been possible, in an action claiming some equitable (*i.e.*, Court of Chancery) relief, to have issues of fact related to a claim for other relief tried by a jury. For example, if an action claimed damages for breach of contract and an injunction, it was possible to have the damages assessed by a jury. However, under the language of s. [108(2)], a claim in an action for any of the enumerated types of relief appeared to prevent a jury from hearing any issues of fact, even if they were issues that did not relate to the claim for equitable relief. The 1989 amendment to subsection (2) was intended to restore the law to the situation where a jury is only prohibited in respect of the claim for one of the enumerated kinds of relief; a jury could still determine the issues of fact with respect to other claims in the action.

END OF DOCUMENT