IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PEXCOR MANUFACTURING COMPANY INC., | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | Case No.:   11-cv-02034-RMC |
| UPONOR AB, | ) ) | Honorable Judge Rosemary M. Collyer |
| Defendant/Counter-Plaintiff. | ) ) ) | |
| UPONOR AB, | ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| HEATLINK GROUP, INC., | ) ) | |
| Third Party Defendant. | ) | |

**PEXCOR AND HEATLINK'S ANSWER TO UPONOR'S COUNTERCLAIM AND THIRD PARTY COMPLAINT AND HEATLINK'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Plaintiff/Counter-Defendant Pexcor Manufacturing Company, Inc. ("Pexcor") and Third Party Defendant HeatLink Group, Inc. ("HeatLink"), by their counsel, in answer to the Counterclaim and Third Party Complaint of Defendant/Counter-Plaintiff/Third Party Plaintiff Uponor AB ("Uponor") state as follows:

**PARTIES**

1. Defendant/Counter-Plaintiff Uponor AB is a Swedish corporation having its principal place of business in Virsbo, Sweden. (Uponor AB is referred to herein as "Uponor").

**ANSWER:** Pexcor and HeatLink admit that Uponor is a Swedish corporation. Pexcor and HeatLink are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted, and therefore deny the remaining allegations contained in Paragraph 1.

2. Plaintiff/Counter-Defendant Pexcor Manufacturing Company, Inc. is a Canadian corporation having its principal place of business at 700 9th Avenue SW, Suite 3000, Calgary, Alberta, Canada T2P 3V4. (Pexcor Manufacturing Company, Inc. is referred to herein as "Pexcor.")

**ANSWER:** Pexcor and HeatLink admit the allegations contained in Paragraph 2.

3. Third Party Defendant HeatLink Group, Inc. is a Canadian corporation having its principal place of business at 4603E – 13th Street NE, Calgary, Alberta, (HeatLink Group, Inc. is referred to herein as "HeatLink"). HeatLink and Pexcor operate under common ownership and control.

**ANSWER:** Pexcor and HeatLink admit that HeatLink is a Canadian corporation having its principal place of business in Calgary, Alberta, Canada. Pexcor and HeatLink deny the remaining allegations contained in Paragraph 3, and further state that the phrase "common ownership and control" is ambiguous.

4. On information and belief, Pexcor manufactures the products that infringe upon United States Patent No. 6,106,761 (the "'761 Patent") and HeatLink distributes those products throughout the world, including the United States.

**ANSWER:** Pexcor and HeatLink deny the allegations contained in Paragraph 4.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*. This Court has personal jurisdiction over Pexcor because it has subjected itself to the jurisdiction of this Court by bringing a claim for declaratory relief against Uponor AB. This Court has both general and specific personal jurisdiction over HeatLink due to its contacts with this judicial district, such that the exercise of jurisdiction over HeatLink would not offend traditional notions of fair play and substantial justice.

**ANSWER:** Pexcor and HeatLink admit that this Court has subject matter jurisdiction and personal jurisdiction over Pexcor, HeatLink and Uponor.  Pexcor and HeatLink deny the remaining allegations contained in Paragraph 5.

6. Venue properly lies in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Pexcor filed a declaratory action in this judicial district and is subject to this Court's personal jurisdiction and HeatLink is subject to this Court's personal jurisdiction, has committed acts within this judicial district giving rise to this action, and conducts business in this judicial district.

**ANSWER:** Pexcor and HeatLink admit that venue is proper in this jurisdiction. Pexcor and HeatLink deny the remaining allegations contained in Paragraph 6.

## COUNT I: PATENT INFRINGEMENT

7. Uponor realleges and incorporates herein the preceding paragraphs 1-6.

**ANSWER:** Pexcor and HeatLink reallege and incorporate by reference as if fully set forth herein their responses to the preceding allegations.

8. Uponor is an intellectual property holding company having related entities involved in the manufacture of polymer pipes, tubing, and other products for plumbing and hydronic industries throughout the world, including the United States.

**ANSWER:** Pexcor and HeatLink admit that Uponor manufactures and sells plumbing, heating and cooling, and fire safety systems, including polymer pipes.  Pexcor and HeatLink deny the remaining allegations contained in Paragraph 8.

9. The '761 Patent entitled "Method for Heating and/or Cross-linking of Polymers and Apparatus Therefor," is duly and legally owned by Uponor, and was issued on August 22, 2000.  A true and correct copy of the patent-in-suit as issued is attached hereto as Exhibit A.

**ANSWER:** Pexcor and HeatLink are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and therefore deny the allegations contained in Paragraph 9.

10. Pexcor is involved in the manufacture of pipes and other polymer products using a process and apparatus that infringe upon the '761 Patent. HeatLink is involved in the importation, distribution and sale of products into and throughout the United States that were manufactured by Pexcor using the infringing process and apparatus and, as such, is liable as an infringer under 35 U.S.C. §271(g).

**ANSWER:** Pexcor and HeatLink deny the allegations contained in Paragraph 10.

11. On information and belief, Pexcor and HeatLink have infringed and continue to infringe the '761 Patent under 35 U.S.C. § 271 *et seq*. The infringing acts include, but are not necessarily limited to, the making, importation, offering for sale, selling and distribution of the product(s) identified in Paragraph 10 above.

**ANSWER:** Pexcor and HeatLink deny the allegations contained in Paragraph 11.

12. Pexcor's and HeatLink's acts of infringement have caused damage to Uponor. Under 35 U.S.C. § 284, Uponor is entitled to recover from Pexcor and Heatlink the damages sustained by Uponor as a result of their infringement of the '761 Patent. Pexcor and Heatlink's infringement on Uponor's exclusive rights under the '761 Patent will continue to damage Uponor causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

**ANSWER:** Pexcor and HeatLink deny the allegations contained in Paragraph 12.

## AFFIRMATIVE DEFENSES

1. The '761 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§101, 102, 103 and 112.

2. Uponor's claims under the '761 Patent are barred by laches and/or equitable estoppel.

3. Uponor is not entitled to any damages for any period before actual notice to HeatLink and Pexcor of its patent infringement allegations.

4. Uponor's claims are barred or limited by the equitable doctrine of unclean hands.

5. Pexcor and HeatLink reserve the right to plead additional Affirmative Defenses as this matter progresses.

WHEREFORE, Pexcor and HeatLink pray for judgment in their favor and against Uponor, that Uponor take nothing by way of its Complaint, and that the Court enter an order of judgment against Uponor with prejudice, awarding Pexcor and HeatLink their costs and all other relief the Court deems equitable and just.

## HEATLINK'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Third Party Defendant/Third Party Counter-Plaintiff HeatLink Group, Inc., by its counsel, states and alleges as follows:

### Parties

1. Third Party Defendant/Third Party Counter-Plaintiff HeatLink Group, Inc. ("HeatLink") is a Canadian corporation having its principal place of business at 4603E – 13th Street NE, Calgary, Alberta, Canada.

2. Defendant/Counter-Plaintiff/Third Party Counter-Defendant Uponor AB ("Uponor") is a Swedish corporation having its principal place of business in Virsbo, Sweden.

### Jurisdiction and Venue

3. This is an action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 arising from an actual controversy between the parties with regard to non-infringement, validity and enforceability of United States Patent No. 6,106,761 (the "'761 patent").

4. This Court has subject matter jurisdiction in accordance with 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. §§ 1331 and 1338(a), and/or diversity of citizenship pursuant to 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Uponor pursuant to 35 U.S.C. §293.

**Facts Common to All Claims**

6. HeatLink manufactures and sells products for plumbing and hydronic industries throughout the United States.

7. Uponor manufactures and sells plumbing, heating and cooling, and fire safety systems including polymer pipes.

8. Based on representations made by Uponor, Uponor is the owner of the '761 patent entitled Method for Heating and/or Cross-Linking of Polymers and Apparatus issued to Michael Sjoberg, Jan Rydberg, and Jyrl Jarvenkyla on August 22, 2000. A copy of the '761 patent is attached to this Complaint as Exhibit A.

9. On April 5, 2012, Uponor filed a Third Party Complaint against HeatLink for infringement of the '761 patent.

10. An actual and justiciable controversy has arisen and presently exists between the parties to which HeatLink desires a declaration of rights pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

**CAUSES OF ACTION**

**Count I – Declaration of Non-Infringement**

11. HeatLink realleges and incorporates herein the preceding paragraphs 1-10.

12. HeatLink has not infringed, is not now infringing, and has not contributorily infringed or induced infringement of any valid claims of the '761 patent either literally or under the doctrine of equivalents.

13. Therefore, HeatLink is entitled to a judgment declaring that it is not infringing, and has not infringed, any valid claim of the 761 Patent literally, under the doctrine of equivalents, directly, indirectly, or jointly, and that it has not contributed to or induced the infringement of any valid claim of the '761 Patent.

### Count II – Declaration of Invalidity and Unenforceability

14. HeatLink realleges and incorporates herein the preceding paragraphs 1-13.

15. Each and every claim of the '761 patent is invalid, unenforceable and/or void for failure to comply with one or more requirements of the Patent Laws of the United States including 35 U.S.C. §§ 101, 102, 103 and 112.

16. Specifically, the specification of the '761 patent does not enable one of ordinary skill in the art to practice the invention covered by its claims without undue experimentation.

17. Moreover, the claims of the '761 patent are unpatentable under 35 U.S.C. § 102 as anticipated, or 103 as obvious in view of a variety of prior art references.

18. Further, the '761 patent is unenforceable because Uponor has misused its patent and has unlawfully attempted to extend the scope of its purported patent rights under the '761 patent.

19. Therefore, HeatLink is entitled to a judgment declaring that the '761 patent is invalid, void and unenforceable.

**WHEREFORE**, HeatLink prays for judgment against Uponor as follows:

   A.   Declaring that U.S. Patent No. 6,106,761 is not infringed, contributorily infringed, or infringed through inducement by HeatLink;

  B. Declaring that U.S. Patent No. 6,106,761 is invalid, void, and unenforceable;

  C. Declaring this case an exceptional case under 35 U.S.C. § 285 and/or 15 U.S.C. § 1117, and awarding to HeatLink its damages trebled, reasonable attorneys' fees, expenses and costs in this action; and

  D. Awarding such other and further relief as the Court deems just and equitable.

**HEATLINK DEMANDS A JURY TRIAL ON ALL ISSUES.**

       Respectfully submitted,

    By: /s/ Joseph D. Lewis
      Joseph D. Lewis
      (DC Bar # 293415)
      BARNES & THORNBURG LLP
      1717 Pennsylvania Avenue, NW
      Washington, DC  20006
      Phone:  (202) 289-1313
      Fax:  (202) 289-1330
      Email:  joe.lewis@btlaw.com

      Attorney for Plaintiff/Counter-Defendant Pexcor Manufacturing Company, Inc. and Third Party Defendant HeatLink Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, a copy of the foregoing PEXCOR AND HEATLINK'S ANSWER TO UPONOR'S COUNTERCLAIM AND THIRD PARTY COMPLAINT AND HEATLINK'S COUNTERCLAIM FOR DECLARATORY JUDGMENT was filed electronically.  Notice of this filing will be sent to the following attorneys by operation of the Court's electronic filing system, and, to those parties not receiving such notice, by U.S. Mail from 1717 Pennsylvania Avenue, NW, Washington, DC 20006.  Parties may access this filing through the Court's system.

    Joseph M. Vanek
    VANEK, VICKERS & MASINI, P.C.
    55 West Monroe St.
    Suite 3500
    Chicago, Illinois 60603


    /s/ Joseph D. Lewis
    Joseph D. Lewis