IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEXCOR MANUFACTURING COMPANY, INC.<br><br>   Plaintiff/Counter-Defendant,<br>v.<br><br>UPONOR AB<br>   Defendant/Counter-Plaintiff. | No. 11-cv-02034 (RMC)<br><br>Honorable Judge Rosemary M. Collyer |
| UPONOR AB.<br><br>   Third Party Plaintiff,<br>v.<br><br>HEATLINK GROUP, INC.<br><br>   Third Party Defendant. | |

### UPONOR AB'S REPLY IN SUPPORT OF ITS MOTION TO STAY

Defendant/Counter-Plaintiff UPONOR AB ("UAB"), by and through its undersigned counsel, respectfully submits this Reply in support of its Motion to Stay this case pending the resolution of parallel litigation currently taking place in Canada (the "Canadian action").

### I. INTRODUCTION

Despite the obvious inefficiency of simultaneously litigating these nearly identical lawsuits in two separate forums, Plaintiff/Counter-Defendant Pexcor Manufacturing Co. Inc. ("Pexcor") and Third Party Defendant/Counter-Plaintiff Heatlink Group, Inc. ("Heatlink")(sometimes collectively referred to as "Plaintiffs") oppose a short stay of

1

this case pending resolution of the Canadian action. In their opposition papers, Plaintiffs argue that the Court should not grant a stay because, 1) this is a patent case which invokes the Court's exclusive federal jurisdiction; and 2) federal courts have a "virtually unflagging" obligation to exercise this jurisdiction absent "exceptional circumstances." Further, Plaintiffs argue UAB is unable to meet this exacting standard necessary for a stay, particularly because the Canadian forum cannot adjudicate US patent rights. Plaintiffs' arguments fall flat for several reasons.

As a threshold matter, this Court has much broader latitude to stay this case than advocated by Plaintiffs and is not *per se* precluded from issuing a stay due to the Court's exclusive jurisdiction over the US patent claims. This is so because, despite Plaintiffs' claims to the contrary, the Court's decision is **not subject** to the "exceptional circumstances" standard. Plaintiffs filed this case as a declaratory action pursuant to the Declaratory Judgment Act, 35 USC §2201-2202 ("DJA"). Pursuant to the DJA, a federal court *may* (but is not required) to exercise jurisdiction over declaratory claims. As a consequence of this distinct feature of the DJA, multiple courts - including the US Supreme Court - have held that a federal court's "virtually unflagging" obligation to exercise jurisdiction and the resulting "exceptional circumstances" standard for staying cases are **not applicable to declaratory actions**. Furthermore, even if Plaintiffs' claim was not declaratory, the exceptional circumstances standard would nonetheless not apply because that test was developed in the context of federal/state abstention and has not been consistently (or strictly) applied in the context of foreign abstentions.

Applying the *proper* standard - namely, that which gives the Court broad discretion on the basis of practicality and wise judicial administration - it is abundantly

clear that a stay of this litigation is appropriate. As Plaintiffs concede, the technology at issue is identical in both cases, the patent claims are very similar[1], and the Canadian forum is closer to many of the witnesses and the relevant evidence. Moreover, unlike this case which is in its nascent stages, the Canadian action is well underway. In fact, Pexcor recently provided notice of intent to file a summary judgment motion on issues of non-infringement and invalidity of the patent at issue in the Canadian action. The resolution of Pexcor's motion – which will clearly have a significant narrowing impact on the overall case regardless of the outcome – could be reached **as early as this summer**. And, given the parallels between the cases, whatever rulings are rendered in Canada (both on the motion and at trial) will be highly persuasive and will almost certainly lead to the out of court resolution of this matter as well.

To require dual track litigation of these parallel cases would impose a heavy and needless burden on the Court and the parties. Accordingly, UAB respectfully submits that the Court should exercise its broad discretion to enter a stay.

## II. ARGUMENT

1. This Court has broad discretion to impose a stay of this litigation.

Plaintiffs' opposition relies heavily on the Supreme Court cases of *Colorado River Water Conservation Dist. v. United States* and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* for the notion that this Court cannot refrain from exercising its exclusive patent jurisdiction, and, even if it could, UAB would have to demonstrate "exceptional circumstances" for it to do so. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-818 (1976)("*Colorado River*"); *Moses H. Cone*

---

[1] In its Motion to Stay, UAB mistakenly attached the Canadian patent *application* as an exhibit and referred to it as the Canadian patent itself. *See* Dkt. No. 8-3. To correct the record, UAB hereby attaches the actual Canadian patent - No. 2, 232, 376 – as "**Exhibit A**" hereto.

3

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983)("*Moses Cone*"). Plaintiffs are correct that those opinions – both of which involved the issue of a federal court's abstention from a state court proceeding and neither of which involved patent rights or claims under the DJA - do impose a significant burden on parties seeking a stay in the specific context in which those cases arose. However, because this case is inapposite to the facts in *Colorado River* and *Moses Cone* - owing primarily to the fact that Plaintiffs have filed declaratory actions pursuant to the DJA - those decisions are not controlling.

As made clear in the Supreme Court's subsequent decision of *Wilton v. Seven Falls Co.* ("*Wilton*"), DFA actions such those brought by Plaintiffs in this case, are <u>not</u> subject to the standards in *Colorado River* and *Moses Cone*. *See* 515 U.S. 277, 286-87 (1995). This is true because unlike other legal claims which create federal jurisdiction, the DJA does not *require* a court to accept jurisdiction, but rather, leaves the exercise of jurisdiction to the court's discretion. *Id.* at 287 ("We have repeatedly characterized the Declaratory Judgment Act as an enabling act that confers **discretion** on the courts **rather than an absolute right upon the litigant**") (emphasis added). [2]

As a result, the normal principle that courts have a "virtually unflagging" obligation to accept jurisdiction does not apply, and courts are given broad discretion to stay or dismiss actions based on their own considerations of practicality and judicial administration. *See Id.* at 286-288 ("Distinct feature of the [DJA], we believe, justify a standard vesting district courts with greater discretion in declaration actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*"). *See also Supermicro Computer Inc. v. Carri Sys.*, 145 F. Supp. 2d 1147, 1150

---

[2] The fact that UAB has filed a counterclaim and third party complaint for infringement does not impact this conclusion because UAB - the party with the right to have its claims heard – is the party requesting the stay.

4

(N.D. Cal. 2001)(discussing *Wilton* in international abstention context).  For this reason alone, Plaintiffs' opposition to the stay fails because the sole legal basis for it - UAB's purported inability to demonstrate "exceptional circumstances" – derives from a legal standard that is inapplicable given the declaratory nature of Plaintiffs' claims.

That notwithstanding, the exceptional circumstances standard would nevertheless be inapplicable even if Plaintiffs' case was not based on the DJA because *Colorado River* and *Moses Cone* were based on federal court/state court abstention, as opposed to foreign abstention as is requested here. *See Colorado River*, 424 U.S. at 804-805; *Moses Cone*, 60 U.S. at 12-13.  This distinction, while subtle, is important because the jurisdiction of the federal government vis a vis the states is grounded in federalism and the Constitution, which explains the reluctance of courts to abstain from jurisdiction in *that* context.  Conversely, the jurisdictional relationship between federal courts and foreign nations does not implicate such Constitutional concerns, making a foreign abstention analysis distinct from a federal-state abstention analysis. *Id.*  These important differences have been recognized -- both explicitly and implicitly - by courts considering the issue, and this constitutes another reason to reject the fundamental premise of Plaintiffs' opposition to the stay.  *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222-23 (11th Cir. 1999); *See Goldhammer et al. v. DD UK, Ltd.*, 59 F.Supp.2d 248, 252 (D. Mass. 1999).

2. <u>When balancing the international abstention factors under the *proper* standard, there is no question that they favor the granting of UAB's motion.</u>

Plaintiffs' response accurately list factors courts have considered in analyzing whether to stay a case due to a foreign proceeding.  These factors include, 1) the similarity of parties and issues involved in the foreign litigation; 2) the promotion of

y

judicial efficiency; 3) the adequacy of relief available in the alternate forum; 4) issues of fairness and convenience of the parties, counsel and witnesses; 5) the possibility of prejudice to any of the parties; and 6) the temporal sequence of the filing of the actions. *See Goldhammer et al. v. DD UK, Ltd.*, 59 F.Supp.2d at 252-253. However, as noted, Plaintiffs grossly overstate UAB's burden regarding the application of these factors and grossly understate this Court's discretion to grant a stay. Moreover, Plaintiffs' analysis of the factors is legally and factually deficient in several respects as explained herein.

    A.    <u>The Canadian action and this action are parallel, and the similarities of the parties and issues strongly favors a stay.</u>

Plaintiffs do not (because they cannot) dispute the obvious parallels between this action and the Canadian action, including the facts that, 1) UAB, Pexcor, and Heatlink are parties to both actions; 2) the technology at issue is identical in both actions; 3) there is overlapping infringing conduct that underlies both cases; and 4) the respective patent claims are very similar. Nevertheless, Plaintiffs argue this factor weighs against a stay because the Canadian action involves additional parties, concerns a patent which deviates very slightly from the US patent, and is governed by a different legal analysis.

Contrary to Plaintiffs contentions, the "differences" Plaintiffs cite are, at best, minor and should be given little weight in the Court's analysis. As Plaintiffs' own case law makes clear, the issues and parties of the subject actions need not be identical for abstention, but merely "substantially the same." *See Romine et al. v. Compuserve*, 160 F.3d 337, 339 (6th Cir. 1998)(cited by Plaintiffs); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)(cited by Plaintiffs); *Finova Capital Corp. v. Ryan Helicopters USA, Inc.*, 180 F. 3d 896, 899 (7th Cir. 1999). This is true with regard to both the parties involved and the claims being asserted. *See Interstate Material*

6

*Corp. v. City of Chicago*, 847 F.2d at 1288 (affirming entry of a stay by a federal court in favor of a parallel state court action even though federal action had additional defendants); *Goldhammer et al. v. DD UK, Ltd.*, 59 F.Supp.2d at 254 (granting a stay of federal action due to a similar action pending abroad despite the existence of additional distinct claims in the US action); *Groeneveld Transportation Efficiency, Inc. v. Eisses*, 2007 U.S. Dist. LEXIS 68965, *6-7 (N.D. Ohio 2007)(granting a stay of federal action in deference to a concurrent foreign action involving related, but not identical, parties and claims).[3] As for the governing law, while there may be differences as Plaintiffs contend, they are of no moment because UAB is not asking the court to apply res judicata to any of the Canadian rulings, but merely stay the case pending them.

On balance, the variances between the actions are slight and surely do not overcome their many significant similarities. Accordingly, this factor strongly favors a stay.[4]

   B.   <u>The promotion of judicial efficiency strongly favors a stay.</u>

Plaintiffs also contend that because the Canadian court cannot adjudicate US patent rights, there would be no efficiency realized by staying this case until resolution of the Canadian action. To support this position, Plaintiffs argue that UAB's failure to cite a *patent* case that was stayed on judicial efficiency grounds is evidence of the absence of such efficiency.

---

[3] In addition, Plaintiffs wrongly state that there are three (3) additional parties in the Canadian litigation. This is incorrect because both iNOEXGmbH and iNOEX LLC are no longer parties to the case. *See* Uponor AB Notice of Discontinuance against iNOEX entities, attached as "**Exhibit B**".

[4] Plaintiffs additionally argue that for a stay to be appropriate the cases must be "parallel," which Plaintiffs contend requires that the alternative forum be able to dispose of all issues between the parties. However, Plaintiffs derive this "requirement" from cases other than declaratory actions such as this, wherein, as explained, courts have much less discretion to grant stays. As such, as explained further in Section 2C this purported hard "requirement" does not apply to this Court's analysis.

7

Plaintiffs argument rings hollow because it completely ignores the practical impact the decisions in the Canadian action will have on this case. Although it is true the Canadian court cannot decide this dispute, the ruling from the Canadian court will undoubtedly serve as persuasive authority on the parties and will almost certainly lead to the settlement of this case, which would conserve valuable resources of the parties and this Court. Moreover, even if the Canadian decision did not lead to settlement, it would, at a minimum, narrow the disputed issues such that certain duplicative discovery and motion practice would be unnecessary.

As for Plaintiffs' implication that efficiency cannot be realized by staying patent cases due to the exclusive jurisdiction of federal courts over patent claims, it is untrue in multiple respects. First, as explained, because this is a declaratory action, this Court is not bound by the precedent discouraging the relinquishment of its jurisdiction. Further, contrary to Plaintiffs' suggestion, even courts that are bound by such precedent frequently stay patent cases to achieve judicial efficiency. For example, it is common and permissible practice for courts to stay infringement actions pending reexamination proceedings before the USPTO. *See Automated Merchandising Systems v. Crane Co.*, 357 Fed. Appx. 297, 303 (Fed. Cir. 2009); *In re Synthes*, 346 Fed. Appx. 583, 584 (Fed. Cir. 2009). Moreover, Plaintiffs' assertion that UAB cannot "cite any patent infringement cases in which the court abstained from the exercise of US federal jurisdiction" is simply wrong. Multiple courts have stayed patent infringement cases due to parallel proceedings in other courts on the basis that it would be inefficient to litigate on two fronts. *See Summa Four, Inc. v. AT&T Wireless Services, Inc. et al.*, 994 F.Supp. 575, 585 (D. Del. 1998); *Gen-Probe, Inc. v. Amoco Corp. Inc.*, 1996 U.S. Dist. LEXIS 5393, *16-17 (S.D.

Cal. 1996); *Lerco Corp. Haley et al.,* 597 F.Supp. 517, 521-522 (D. Ky. 1983). This Court - which has much greater discretion to enter a stay than a court in an infringement action - should do the same.

The obvious inefficiency of litigating these nearly identical actions twice constitutes another reason for the stay.

    C.    The Canadian court's inability to adjudicate US patent rights is of minimal significance to UAB's Motion.

Plaintiffs strenuously argue that, because the Canadian court cannot determine US patent rights, a stay is inappropriate. In fact, Plaintiffs imply that it would be "a serious abuse of discretion" for the Court grant a stay under these circumstances. In connection with this argument, Plaintiffs cite several patent cases where courts refused to grant stays pending parallel proceedings in other courts due to the obligation to exercise their exclusive patent jurisdiction and the resulting inadequacy of relief in alternate forums.

As with the Plaintiffs other arguments, this one is based on the false assumption that this Court is bound by the stringent standards applicable to non-declaratory actions. In truth, as explained in detail in Section 1, this Court has much broader discretion to either refuse or delay jurisdiction over this case than it would under another type of action. Accordingly, the cases cited by Plaintiffs in this regard – all of which, save one, involved patent infringement actions, not declaratory actions – are inapposite and should not influence the Court's decision on this motion. *See Aerotel, Ltd. v. Primus Telecomm Group, Inc.*, 486 F.Supp. 2d 277, 286 (S.D.NY) (refusing to stay a US patent *infringement* case due, in part, to the limitations imposed by *Colorado River*); *Sanitec Industries, Inc. v. Sanitec Worldwide, Ltd., et al.* 376 F. Supp. 2d 575, 577-79 (D. Del. 2005) (same); *Linear Products, Inc. v. Marotech, Inc.*, 189 F. Supp. 2d 461, 463-467

9

(citing *Colorado River* constraints in its decision to deny a motion to stay a patent infringement action). [5]

What's more, when considering the adequacy of relief factor under the proper standard, it is clear that the Canadian court's jurisdictional limitations are of little importance. While Plaintiffs make much ado of Canada's different legal standards and the resulting inability to strictly apply the Canadian findings to the US case, these complaints ring hollow because UAB is requesting a stay, not a dismissal. To the extent Plaintiffs (or UAB for that matter) are unhappy with the outcome of the Canadian action, they are free to request a lift of the stay and litigate this action under US patent law. In other words, although there may be differences in the US and Canadian legal systems, neither party will be prejudiced by them. *See Goldhammer et al. v. DD UK, Ltd.*, 59 F.Supp.2d at 254 (noting that foreign court's inability to resolve certain claims was less consequential because the requested abstention was a stay not a dismissal); *EFCO Corp. v. Aluma Systems USA, Inc.*, 983 F.Supp. 816, 824-825 (S.D. IA 1996)(noting that prejudice from the subject stay request, as opposed to a dismissal, would be minimal).

Lastly, even though the Canadian findings would not be given res judicata effect in the US action, they would nevertheless provide an important objective assessment of the parties' positions. Much like a non-binding arbitration, the findings would be persuasive on the parties and would very likely bring about an out of court settlement of the case. As such, practically speaking, the resolution of the Canadian action would likely lead to the complete resolution of the US action as well.

---

[5] In the single case Plaintiffs cite involving a declaratory action - *Photothera Inc. v. Uri Oron*, 2009 U.S. Dist. LEXIS 22709 (S.D. Cal. 2009) – the issue of the Court's broader discretionary power under the DJA was not discussed.

For these reasons, the inability of Canadian court to adjudicate US patent rights is largely irrelevant, and Plaintiffs' contrary arguments should be rejected by the Court.

      D.     The Canadian forum is more convenient for the parties and many of the witnesses which favors a stay.

In response to UAB's argument that Canada is the more convenient forum for this case, Plaintiffs do not dispute that, 1) Pexcor is headquartered in Canada; 2) Heatlink is headquartered in Canada; 3) Pexcor's manufacturing facility (from which the alleged infringement derives) is located in Canada; or 4) Heatlink's distribution operations are based in Canada. Further, Plaintiffs do not dispute that, based on the foregoing, the vast majority of the relevant evidence and witnesses are located in Canada.

Instead, Plaintiffs attempt to confuse the issue by arguing that because the parties have contacts with this Court sufficient to establish jurisdiction, the forums are equally convenient. Of course, jurisdiction and convenience are distinct concepts. Accordingly, despite to Plaintiffs' assertions, it is completely reasonable for UAB to accept the jurisdiction of this Court while at the same time highlighting the greater convenience of the Canadian forum for the purpose of this motion.

Implicitly recognizing the weakness of their argument, Plaintiffs attempt to downplay the significance of the convenience factor by noting, in passing, that modern developments in communication and transportation have eased the burden of litigating in a distant forum. Even if it is true that modern technology has *somewhat* decreased the significance of a forum's location, this factor is nonetheless still very important. The continuing importance of convenience is reflected in recent decisions that have given significant weight to convenience in the context of a stay request. *See e.g., Groeneveld*

*Transport Efficiency, Inc. v. Eisses*. 2007 U.S. Dist. LEXIS 68965 at *6. Thus, this factor favors a stay.

  E. <u>Neither party will be prejudiced by a short stay.</u>

Plaintiffs claim that a stay of this litigation is prejudicial because it would deny them the "right" to have their claims heard in a "timely and appropriate fashion." This argument is without merit.

As an initial matter, because this is declaratory action, Plaintiffs do not possess a "right" to have their claims redressed at all, much less in the timely and appropriate fashion they demand. *See Wilton v. Seven Falls Co.*, 515 U.S. at 286-288. Moreover, even if they had such a "right," any perceived "prejudice" from a stay would be minimal. This is so because the Canadian action is progressing steadily toward resolution, meaning a stay of this case would necessarily be of a short duration.

By way of example, to date, the following has occurred in the Canadian action: 1) the parties have filed extensive pleadings, including statements of defense (the equivalent of an answer), counterclaims, and requests for particulars (akin to a rule 12 request for a more definite statement); 2) several case management conferences have been conducted by the court; 3) a confidentiality order has been entered by the court; 4) a partial scheduling ordered has been entered by the court; and 5) the parties' production of documents is underway. *See* Exhibit H and Group Exhibit 2 attached to UAB's Motion to Stay, Dkt. No. 8; Plaintiffs' Response to UAB's Motion to Stay, Dkt. No. 21, p. 4; UAB Proposed Consent Order in Canadian Action, attached hereto as "**Exhibit C**".

In addition, just last week, Pexcor provided a notice of summary judgment on the issue of invalidity and non-infringement of the Canadian patent. *See* Pexcor Notice of

Intention to file Summary Judgment, attached hereto as "**Exhibit D**". In connection therewith, Pexcor is requesting that the exchange of relevant evidence and depositions take place this spring, and that the motion be heard in June of this year. See *Id.* The resolution of Pexcor's motion – regardless of the outcome – will significantly narrow the issues at play in the Canadian action, further limiting the duration of the proposed stay and any perceived "prejudice" stemming therefrom.

    F.    The temporal sequence of filing should be disregarded from the Court's analysis.

Plaintiffs argue that because the Canadian action was commenced before the US action, this weighs against a stay. Plaintiffs are wrong.

As explained in UAB's motion, although Pexcor filed suit in the United States before filing in Canada, the US filing was a mere day before the Canadian filing. As such, the suits were effectively filed at the same time. Further, courts have held that the progress made in the respective actions is more important to an abstention analysis than which action was filed first. *See John Hopkins Health System Corp. v. Al Reem General Trading & Co.*, 374 F. Supp. 2d 465, 475 (D. Md. 2005)(cited by Plaintiffs); *Gordon v. Luksch*, 887 F.2d 496, 498 (4th Cir. 1989). Here, there is no question that the Canadian action is further along than this action. Accordingly, if considered at all, this factor should be treated as neutral or in favor of a stay.

## III. CONCLUSION

As shown in UAB's Motion to Stay and this Reply in support thereof, the foregoing factors clearly favor a stay of this case. Accordingly, Defendant/Counter-

Plaintiff UPONOR AB respectfully requests that the Court exercise its broad discretion to stay the litigation pending the outcome of the Canadian action.

Dated: January 28, 2013                    Respectfully submitted,

/s/ John P. Bjork

Joseph M. Vanek (admitted March 10, 2012)
John P. Bjork (admitted May 7, 2012)
Vanek, Vickers & Masini, P.C.
55 West Monroe Street, Suite 3500
Chicago, Illinois 60601
(312) 224-1500

Counsel for UPONOR AB

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 28, 2013, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and was served via the Court's CM/ECF System which will automatically provide electronic notice upon all counsel of record.

/s/ John P. Bjork